■ In the Matter of Erik P. (Anonymous), Appellant.— Appeal from an order of the Family Court, Westchester County, dated November 6, 1972 and made after hearings, which adjudicated appellant to be a person in need of supervision and placed him on probation. Order reversed, on the law, without costs, and petition dismissed. Neither the petition nor the facts disclosed

at the hearings sustain the finding of the Family Court that appellant was "a person in need of supervision." There must be more than a single isolated incident to support the determination of "need of supervision" (*Matter of David W.*, 28 N Y 2d 589). Furthermore, in the case at bar, prior to the preparation and service of the person-in-need-of-supervision petition, the Family Court accepted an admission by appellant that he is a person in need of supervision. Although on July 9, 1973 appellant was discharged from probation, there is a possibility of collateral legal consequences as a result of the adjudication (Family Ct. Act, § 783; cf. *Sibron* v. *New York*, 392 U. S. 40, 57) and, therefore, the appeal is not moot. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.