■ In the Matter of ANTHONY SS., Alleged to be a Person in Need of Supervision, Appellant. ARTHUR G. BLUM, as Assistant Principal of Liberty Middle School, Respondent. [604 NYS2d 826] —Cardona, J. Appeals (1) from an order of the Family Court of Sullivan County (Slobod, J.), entered October 23, 1992, which, in a proceeding pursuant to Family Court Act article 7, granted petitioner's application to adjudicate respondent a person in need of supervision, and (2) from an order of said court, entered November 24, 1992, which, inter alia, placed respondent on probation for one year.

---

Respondent's appeal from Family Court's fact-finding order entered October 23, 1992 is dismissed because there is no appeal as of right from this nondispositional order (see, Family Ct Act § 1112). Respondent's appeal from the order of disposition entered November 24, 1992 placing him on probation for a period of one year, however, brings up for review his adjudication as a person in need of supervision (hereinafter PINS). As candidly conceded by petitioner, the record reveals that Family Court erred in failing to specifically advise respondent of his right to remain silent, as required by Family Court Act § 741 (a), before accepting his admissions to allegations in the PINS petition (see, Matter of Guy II. [Thomas II.], 192 AD2d 770; Matter of David B., 167 AD2d 885, 886; Matter of Damian C., 161 AD2d 1206). Respondent's adjudication as a PINS must, therefore, be reversed and the order of disposition vacated.

We have considered respondent's remaining argument and find it to be without merit.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the appeal from order entered October 23, 1992 is dismissed, without costs. Ordered that the order entered November 24, 1992 is reversed, on the law, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.