*230 OPINION OF THE COURT
Jeffrey Arlen Spinner, J.
Before the court is a verified petition, filed on July 11, 2005 pursuant to article 7 of the Family Court Act, which ¿leges that respondent Jessica B. is a person in need of supervision (PINS). The petition’s primary request is for the court to issue a warrant of arrest for the apprehension of respondent. For all of the reasons hereinafter set forth, the application for the issuance of a warrant is denied and the petition is dismissed.
The Petition
The verified petition in this matter was drafted and filed by the Suffolk County Department of Probation, presumably in its capacity as “designated lead agency” in accordance with Family Court Act § 735 (a) (as added by L 2005, ch 57, part E, § 7; eff Apr. 1, 2005). The petition is shockingly vague on its face and contains only de minimis details regarding petitioner, respondent and the acts or omissions by respondent which would allow the court to exercise its statutory jurisdiction. In spite of the overwhelming paucity of facts, the petition claims that respondent is 16 years of age which, if true, would place her within the purview of Family Court Act §§ 713 and 714. However, nowhere in the petition is there any assertion of proper venue pursuant to Family Court Act § 717 (there is no disclosure as to the addresses of petitioner or respondent nor any allegations as to where any acts or omissions may have occurred). Therefore, based upon the petition, the court is unable to determine whether Suffolk County constitutes the proper venue for placement of this proceeding.
The sworn petition of James S. avers, in pertinent part, upon information and belief, that “she was in the custody of her aunt, ran away and refused to return. As of on or about 06/17/ 2005, the child was placed in DSS custody, but has not been located. Attempts were made to locate the child by way of calling and visiting relatives.”
It was only through the court’s assiduous and intensive inquiry of petitioner (who declined to voluntarily disclose any information) that the following statements were elicited, viz.: (1) petitioner is a caseworker employed in some capacity by the Suffolk County Department of Social Services; (2) respondent was in the custody of an unnamed relative, from whose home she absconded in March of 2005; (3) the Suffolk County Department of Social Services (not the named petitioner) purports to *231 have obtained some form of legal custody of respondent on or about June 17, 2005, though no order or other indicia thereof has been produced; and (4) a missing person report was filed on or about July 8, 2005, some four months following the disappearance of respondent in March of 2005, though there is no indication as to who filed the report, its contents or the identity of the agency or municipality with which it was filed.
The Warrant Request
The verified petition continues by averring as follows: “Petitioner has complied with the requirements of Family Court Act Section 735 (Notice from the designated diversion services agency is attached).”
As evidence of this claimed compliance, there is appended to the petition a document containing language that, on its face, would, in a most generous manner, be referred to as “boilerplate.”
This boiler plate document contains a pair of wholly illegible facsimile signatures (not original signatures) of what purport to be a probation officer and a supervising probation officer, whose identities have not been made known to the court. This document reads, verbatim, as follows:
“The Suffolk County Probation Department, acting as the Designated Lead Agency under Section 735 of the Family Court Act, affirms that;
“There is no substantial likelihood that PINS Diversion efforts will be of benefit in the matter of _Jessica B_since the respondent has failed to make his/her whereabouts known to either his/her parent (s) guardian (s) or to a representative of the Suffolk County Probation Department.
“There is no bar to the filing of the attached petition, as the petitioner consented to, and actively participated in, the diversion services offered,
“These efforts having failed to benefit the respondent, the Suffolk County Probation Department attests that there is no substantial likelihood that the youth and his/her family will benefit from any further attempts by this agency or our referral resources.”
A fair reading of the petition, coupled with a review of section 735 of the Family Court Act, demonstrate that it is abundantly clear that the petition, and the appended document from the *232 Department of Probation are not compliant with the express language of that statute. Section 735 (d) mandates that petitioner exert what the statute refers to as “documented diligent attempts” to avoid the necessity of filing a petition.
Family Court Act § 735
The Family Court Act, specifically section 735 thereof, was added by part E of chapter 57 of the Laws of 2005. This amendment was signed by Governor George E. Pataki on April 20, 2005, and was given an effective date of April 1, 2005. This legislation has resulted in sweeping changes to the manner in which persons in need of supervision may be dealt. The new statute places a greater obligation upon the designated lead agency (in this case, the Suffolk County Department of Probation) to facilitate the delivery of concrete services in order to avoid the filing of a petition wherever possible.
By way of illustration, section 735 (b) contains mandatory language which states that the designated lead agency shall:
“(i) confer with any person seeking to file a petition, the youth who may be a potential respondent . . .
“(ii) diligently attempt to prevent the filing of a petition under this article.”
Section 735 (d) of the new statute further requires, in relevant part, as follows:
“(d) Diversion services shall include documented diligent attempts to engage the youth and his or her family in appropriately targeted community-based services, but shall not be limited to:
“(i) providing, at the first contact, information on the availability of or a referral to services in the geographic area where the youth and his or her family are located . . .
“(ii) scheduling and holding at least one conference with the youth and his or her family and the person or representatives of the entity seeking to file a petition under this article concerning alternatives to filing a petition and services that are available. Diversion services shall include clearly documented diligent attempts to provide appropriate services to the youth and his or her family before it may be determined that there is no substantial likelihood that the youth and his or her family will benefit from further attempts.”
Section 735 (e) continues on, in pertinent part, as follows:
*233 “(e) The designated lead agency shall maintain a written record with respect to each youth and his or her family for whom it considers providing or provides diversion services to pursuant to this section. The record shall be made available to the court at or prior to the initial appearance of the youth in any proceeding initiated pursuant to this article.”
Noncompliance with the Statute
In the opinion of this court, the statutes cited above are clear and unambiguous on their face. They contain easily understandable mandatory language (the word “shall” appears prominently and repeatedly throughout the statute). One need not be learned in the law in order to be able to grasp the meaning of the plain language of section 735. Indeed, the Suffolk County Probation Department and the Suffolk County Department of Social Services, through their representatives and employees, have enjoyed vast experience in the Family Court system and, if anything, must be held to a higher level of both understanding and conduct than the average layperson in the general population.
Here, it is patently clear, beyond any good faith dispute, that both petitioner and the designated lead agency have woefully failed to comply with the basic tenets of section 735, the very statute under which both the Probation Department and Department of Social Services are operating in this realm. Specifically, they have failed to demonstrate or document any efforts at all as mandated by section 735 (b). There has been no assertion that any conferences have been convened; no indication that any attempts have been made to avoid the filing of a petition; no claim of any attempts to engage respondent and the family in any services; and no showing that any referrals have been provided to respondent and the family. Indeed, there has been no provision to the court of the written record of services as required by section 735 (e).
Moreover, even giving the benefit of every positive inference to petitioner, the petition can only best be described as wholly devoid of both legal and factual efficacy. The petition at issue appears, to this court, to have been hurriedly prepared in an effort to attempt to insulate the Suffolk County Department of Social Services from some sort of perceived or potential liability with respect to the subject youth. The court is compelled to arrive at this conclusion based upon the assertions of petitioner and the passage of time between respondent’s disappearance, *234 the alleged vesting of custody in the Department of Social Services and the claimed filing of a missing person report.
The court is also constrained to note that although the Department of Social Services is purported to be the real party in interest as petitioner, Frank Krotschinsky, Esq., the Assistant County Attorney assigned to Part 1 of the Family Court, was in no way advised that the instant petition was to be filed and petitioner did not afford him the opportunity to review the submissions. This court verily believes that had the same been presented to Mr. Krotschinsky, then the petition would not have been submitted as filed.
Even more disturbing to this court is the submission of what are obviously not original signatures on the document appended to the petition. Such submissions would ordinarily be governed by the provisions of 22 NYCRR 130-1.la. However, 22 NYCRR 130-1.1 indicates that section 130-1.la is inapplicable to article 7 proceedings in Family Court. Nonetheless, this court cannot condemn too strongly the filing of sworn or affirmed documents with the court that do not bear a genuine signature of the affiant. Petitioner and the agencies are hereby put on notice that this court will henceforth consider any documents bearing a facsimile signature to be the equivalent of an unsworn document.
For all of the foregoing reasons, the application for a warrant of arrest is denied and the petition is dismissed.