■ In the Matter of Leslie H., Respondent, v Carol M.D., Appellant. [849 NYS2d 612]—

In a proceeding pursuant to Family Court Act article 7, Carol M.D. appeals, as limited by her brief, from so much of an amended order of fact-finding and disposition of the Family Court, Nassau County (Marks, J.), dated July 20, 2006, as, after a fact-finding hearing, adjudicated her to be a person in need of supervision.

Ordered that the amended order of fact-finding and disposition is reversed insofar as appealed from, on the law, without costs or disbursements, and the proceeding is dismissed.

The appellant's contentions regarding her temporary detention at a nonsecure facility during the fact-finding hearing have been rendered academic. The detention orders expired on their own terms, and any corrective measures which this Court might undertake would have no practical effect (*see Matter of Desiree C.,* 7 AD3d 522, 523 [2004]; *Matter of C. Children,* 249 AD2d 540 [1998]; *Matter of Keith C.,* 226 AD2d 369, 370 [1996]).

Although the dispositional portion of the amended order of fact-finding and disposition has expired by its own terms, a review of the appellant's adjudication as a person in need of supervision is not academic because of the possibility of collateral legal consequences resulting from the adjudication (*see* Family Ct Act § 783; *Matter of Michael H.*, 239 AD2d 618, 619 [1997]; *Matter of Tabitha LL.*, 216 AD2d 651, 653 [1995], *affd* 87 NY2d 1009 [1996]; *Matter of Erik P.*, 42 AD2d 908, 909 [1973]). As the appellant correctly argues, the petition was jurisdictionally defective because it failed to comply with Family Court Act § 735. Pursuant to the 2005 amendments to the provisions pertaining to proceedings relating to persons in need of supervision, a petition must allege that the "petitioner has complied with the provisions of section seven hundred thirty-five of this article" (Family Ct Act § 732 [d]). Section 735 of the Family Court Act requires counties to designate a lead agency, either the local social services district or the probation department, to offer "diversion services" to the youth and his or her family (Family Ct Act § 735 [a]). Moreover, the lead agency must document its diligent attempts to prevent the filing of a petition and its diligent attempts to provide appropriate services to the youth and his or her family before it may be determined that there is no substantial likelihood that the youth and his or her family will benefit from further attempts (*see* Family Ct Act § 735 [b], [d]).

Despite the purported compliance with Family Court Act § 735, the statement of the Nassau County Probation Department attached to the petition was deficient because it neither indicated that any attempts had been made to avoid the filing of the petition nor clearly documented any diligent attempts to provide appropriate services to the appellant and her family before it was determined that there was no substantial likelihood that she and her family would benefit from such further attempts. Since the failure to comply with such substantive statutory requirements constitutes a nonwaivable jurisdictional defect, the order must be reversed and the proceeding dismissed (*see Matter of Rajan M.*, 35 AD3d 863, 864 [2006]; *Matter of James S. v Jessica B.*, 9 Misc 3d 229 [2005]).

In light of our determination, we need not reach the appellant's remaining contentions. Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.