■ In the Matter of JAMES L., JR., Appellant. LIVINGSTON COUNTY ATTORNEY, Respondent. (Appeal No. 1.) [902 NYS2d 486]— Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered August 18, 2009 in a proceeding pursuant to Family Court Act article 7. The order denied respondent's motion to dismiss the petition.

■ In the Matter of JAMES L., JR., Appellant. LIVINGSTON COUNTY ATTORNEY, Respondent. (Appeal No. 2.) [902 NYS2d 487]— Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered August 18, 2009 in a proceeding pursuant to Family Court Act article 7. The order adjudicated respondent a person in need of supervision and placed respondent on probation for a period of 12 months.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: In appeal No. 1, respondent appeals from an order denying his motion to dismiss the petition alleging that he is a person in need of supervision. We dismiss that appeal because no appeal lies as of right from such a nondispositional order (*see* Family Ct Act § 1112 [a]; *see also Matter of Anthony SS.*, 197 AD2d 767 [1993]). In appeal No. 2, however, respondent appeals from a subsequent order adjudicating him a person in need of supervision and placing him on probation for one year, and that appeal brings up for review the prior order (*see Matter of Dora P.*, 68 AD2d 719, 728 [1979]; CPLR 5501 [a] [1]).

We agree with respondent in appeal No. 2 that Family Court erred in denying his motion to dismiss the petition. The petition failed to specify what diversion services were offered pursuant to Family Court Act § 735 prior to the filing of the petition. The petition also failed to demonstrate that petitioner had "exert[ed] what the statute refers to as 'documented diligent attempts' to avoid the necessity of filing a petition" (*Matter of James S. v Jessica B.*, 9 Misc 3d 229, 232 [2005]; *see* Family Ct Act § 735

[d]). "[T]he failure to comply with such substantive statutory requirements constitutes a nonwaivable jurisdictional defect" requiring dismissal of the petition (*Matter of Leslie H. v Carol M.D.*, 47 AD3d 716, 717 [2008]; *see Matter of Rajan M.*, 35 AD3d 863, 865 [2006]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.