■ In the Matter of TERRY UU, a Person Alleged to be in Need of Supervision, Appellant. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Appeal from (1) an order of the Family Court of Broome County, entered December 13, 1974, which adjudged appellant to be a person in need of supervision and (2) an order of the same court, entered December 27, 1974, which placed appellant in the custody of the Commissioner of Social Services of Broome County for a period of 18 months. Appellant's mother initiated this proceeding by presenting her petition alleging that appellant was not attending school as required by article 65 of the Education Law and that appellant left his home and was then living in

the home of a woman and her three children and was associating with undesirable companions. The appellant, who was under 16 at the commencement of the proceeding, became 16 on May 1, 1975. After a fact-finding hearing, the trial court granted the first order appealed from, finding that appellant was a person in need of supervision, on the grounds that he was beyond the lawful control of his parents and was not attending school in accordance with the provisions of the Education Law. At the dispositional hearing, the court ordered that appellant be placed in the custody of the Broome County Commissioner of Social Services for a period of 18 months. On this appeal, appellant, represented by his Law Guardian, claims that (1) the evidence presented at the fact-finding hearing was insufficient to prove beyond a reasonable doubt that appellant was a person in need of supervision and (2) the evidence at the dispositional hearing was insufficient to prove beyond a reasonable doubt that appellant required supervision or treatment. "Proof beyond a reasonable doubt is constitutionally required for an adjudication that a minor is a person in need of supervision". *(Matter of Richard S.,* 27 NY2d 802.) We agree that there was insufficient evidence to support the finding that appellant was beyond the lawful control of his parents. Indeed, respondent on this appeal concedes that it limited its case to evidence establishing appellant's habitual truancy and refrained from presenting evidence on direct examination concerning appellant's alleged disobedience and ungovernability. We find, however, that there was sufficient evidence to prove beyond a reasonable doubt and to warrant the court in finding that appellant had refused without adequate excuse to attend school in violation of section 3205 of the Education Law and, consequently, was a person in need of supervision. We disagree with appellant's claim that in a dispositional hearing proof beyond a reasonable doubt is constitutionally required. Subdivision (b) of section 745 of the Family Court Act provides: "An adjudication at the conclusion of a dispositional hearing must be based on a preponderance of the evidence." No case has been called to our attention indicating this provision is unconstitutional and we are not prepared to hold it unconstitutional in this proceeding. We conclude that the record justified the Trial Judge in ordering appellant placed in the custody of the Commissioner of Social Services to insure appellant's attendance at school as required by section 3205 of the Education Law. At the time of the fact-finding hearing, however, appellant had voluntarily returned to school. Appellant was not required to attend school after May 1, 1975 when he became 16 years of age. We hold it was an abuse of discretion by the Trial Judge to order continuation of custody for a period of 18 months from December 27, 1974, which exceeded by more than a year the time appellant was required to attend school. Order entered December 13, 1974 affirmed, without costs; order entered December 27, 1974 modified, on the law and the facts, by reducing the period during which appellant is placed in the custody of the Commissioner of Social Services of the County of Broome to the period between December 27, 1974 and May 1, 1975, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Reynolds, JJ., concur.