In the Matter of LESTER NN.,* a Person Alleged to be a Person in Need of Supervision.

Third Department, September 15, 1980

APPEARANCES OF COUNSEL

*Ethan K. Phillips (Terrence J. Whalen* of counsel), for St. Lawrence County Department of Social Services, appellant.

*Peter D. Phelan* for St. Lawrence County Probation Department, respondent.

* Name used herein is fictitious for purposes of publication.

*Lee H. Turner (Richard V. Pregent* of counsel), *Law Guard-ian.*

## OPINION OF THE COURT

Casey, J.

Upon the adjudication that a person is in need of supervision (PINS), the Family Court is required to enter a dispositional order in conformity with the provisions of section 754 of the Family Court Act (unless otherwise indicated all references hereafter are to the Family Court Act). As relevant to this proceeding, that section permits, in subdivision 1: "(c) [c]ontinuing the proceeding and placing the respondent in accord with section seven hundred fifty-six; *or* (d) [p]utting the respondent on probation in accord with section seven hundred fifty-seven." (Emphasis added.)

The statutory use of the disjunctive "or" between paragraphs (c) and (d) of subdivision 1 of section 754 indicates a legislative intent to give the Family Court the option of either paragraph (c) or paragraph (d) and requires the Family Court to elect between these statutory dispositional alternatives, precluding a disposition that divides the supervisory responsibility for the PINS between the county's Department of Social Services and its Department of Probation. If the conduct and background of the PINS are shown to warrant placement in accordance with the provisions of section 756 under the supervision of the Department of Social Services, as provided for in section 754 (subd 1, par [c]), that is the sole disposition to be imposed. If such conduct and background require the imposition of the more severe probationary status under paragraph (d) of subdivision 1, then that should be the sole disposition at the time of the initial adjudication. If resort is had to paragraph (c) of subdivision 1 initially and that proves unsuccessful, probation may, of course, then be considered, since a disposition under paragraph (c) of subdivision 1 specifically continues the proceeding, permitting probation to be imposed subsequently if a change of circumstances requires it.

The statute, however, prohibits a disposition that would divide the supervisory responsibility between the county Department of Social Services and the county Department of of Probation simultaneously, for the obvious reason that such a disposition would fail to pin the responsibility for the child's custody on one or the other of the departments, definitely and

certainly, and would likely promote departmental buck passing in the event of failure.

Furthermore, the various dispositions prescribed in the enumerated subdivision of section 753 have been described as "alternative punishments" *(Matter of John P.,* 74 AD2d 403, 409), indicating that the dispositions permitted by more than one of the subdivisions may not be imposed at the same time. (See, also, *Matter of Quinton A.,* 49 NY2d 328, 333.)

The assistance and co-operation required of the various officers and agencies by section 255, relied on by the Family Court herein as a basis for its determination, cannot be read so as to violate the clear provisions of section 754 or to encroach upon the powers specifically granted to the Department of Social Services by section 398 of the Social Services Law. Such interpretation poses serious constitutional questions and renders the disposition made herein by the Family Court violative of the statute, as interpreted in *Matter of Lorie C.* (49 NY2d 161).

In short, the supervision of the respondent child must be placed in one or the other of the responsible departments, but not in both jointly or simultaneously.

As the department responsible for the placement made under section 754 (subd 1, par [c]), the county Department of Social Services has the standing necessary to appeal the determination that would require it to share its statutory responsibility with the county Probation Department. Accordingly, the disposition that was made is erroneous and must be annulled and the proceeding remanded to the Family Court of St. Lawrence County for a new dispositional hearing.

The order should be modified, on the law, by striking so much thereof as places the respondent child in the custody of the Commissioner of the Department of Social Services of St. Lawrence County under the supervision of the Probation Department and by remitting the matter for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs.

MAHONEY, P. J., SWEENEY, KANE and STALEY, JR., JJ., concur.

Order modified, on the law, by striking so much thereof as places the respondent child in the custody of the Commissioner of the Department of Social Services of St. Lawrence County under the supervision of the Probation Department

and by remitting the matter for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs.