OPINION OF THE COURT
Allan Dixon, J.
A petition has been brought before this court by John McGurgan, Principal of Van Rensselaer Elementary School, Rensselaer, New York, alleging that the respondent is incorrigible, ungovernable, habitually disobedient and beyond the lawful control of his parents, guardian or lawful custodian. A motion has been made by the counsel for the respondent to dismiss this petition on the grounds that it is deficient on its face. Counsel for the respondent claims that the acts alleged do not constitute acts of incorrigibility, ungovernability or habitual disobedience. He further claims that the petitioner does not have personal knowledge of the acts alleged, nor does he allege them on information and belief. Finally, counsel for the respondent in substance alleges that since the acts allegedly performed occurred in school, respondent cannot be beyond the lawful control of his parents, guardian or lawful custo *330 dian, since his parent is not lawfully permitted to be on the school premises.
In response to these doctrines, the attorney representing the petitioner argues that the doctrine of in loco parentis controls the respondent’s final position, that the petition on the whole contains allegations which are made both upon personal knowledge of the petitioner and his information and belief, and that if the court is concerned with advancing the “best interests” of this child it will deny respondent’s motion.
It is established law that no person in need of supervision (PINS) petition “can stand unless the acts complained of are set forth in specific terms, with dates and frequency, the nature of the behavior and conduct charged. The conduct must be habitual, not an isolated instance and the general allegations pursuant to subdivision (b) of section 712 must be set forth in the petition supported by sufficient facts and circumstances as to show ungovernability, incorrigibility, habitual disobedience and acts beyond the control of parent or lawful authority.” (Matter of Reynaldo R., 73 Misc 2d 390, 394.) The language “or other lawful authority” is found in subdivision (b) of section 712 of the Family Court Act which is the definition section of article 7. It differs slightly from the language of subdivision (a) of section 732 of the Family Court Act which requires the petition to contain allegations that respondent “is incorrigible, ungovernable, or habitually disobedient and beyond the lawful control of his parents, guardian or lawful custodian”. This court believes that when defining the term person in need of supervision the Legislature intended to include school authorities as “other lawful authority”, which is part of the general definition of a PINS. Since section 3205 of the Education Law requires the attendance of children in school (between the ages of 6 and 16 years), a school logically becomes an example of “other lawful authority” beyond whose control a respondent could get. The court, therefore, rejects respondent’s contention that since the child’s mother could be refused entrance to school grounds the child could not be beyond her control, which appears to be the language of subdivision (a) of section 732.
*331 Likewise the court feels that the petition should not be dismissed on the basis of the fact that acts alleged are neither incorrigible, ungovernable nor habitually disobedient. Since the Legislature has made no effort to provide definitions for these terms, this court believes that only a full review of the evidence can present a sufficient picture for the court to render a decision on whether the acts of the respondent are such as to meet the requirements of incorrigibility, etc.
Finally, the argument of the respondent as to the source of knowledge of the petitioner as to the acts is not sufficient grounds to warrant dismissal of the petition. This is particularly true when there is available to the respondent a myriad of exhibits which quite logically indicate that some of the allegations were made on information and belief and others from actual knowledge.
Based on the above, this court denies the respondent’s motion to dismiss the petition as defective on its face. This court does however direct attorney for the petitioner to provide the information asked for by respondent in his demand for a bill of particulars, which was made a part of his motion as a form of alternative pleading, in the event his motion to dismiss failed.