■ In the Matter of WILLIAM LL., a Person Alleged to be a Juvenile Delinquent. — Appeal from an order of the Family Court of St. Lawrence County (Follett, J.), entered November 13, 1980, which, upon a finding of juvenile delinquency, placed the juvenile in the custody of the St. Lawrence County Department of Social Services and imposed upon that department's

supervision certain conditions and restrictions in regard to its custody. Only the Department of Social Services of St. Lawrence County appeals here and its appeal is limited to those provisions of the order of the Family Court which, upon placing the juvenile in the custody of the department for 18 months following an adjudication of juvenile delinquency, ordered (1) that the juvenile "live in a family foster home"; (2) that the juvenile not be placed in a more restrictive setting without further order of the court; (3) that the juvenile "not be returned home" without the department first notifying the appointed Law Guardian; and (4) that the department "report to the court and to the law guardian" any time the juvenile was moved from one foster home to another. The department contends that the Family Court lacked any authority to add conditions to its placement of the juvenile "with an authorized agency or class of authorized agencies" (Family Ct Act, § 756). We agree. Upon adjudication of juvenile delinquency, if the court desires to place the juvenile under section 753 (subd 1, par [b]) of the Family Court Act, the court must place him "in accord with section seven hundred fifty-six". This latter section provides that "where the child is placed with the Commissioner of Social Services the court may direct the Commissioner to place the child with an authorized agency or class of authorized agencies" (Family Ct Act, § 756, subd [a], par [ii]). Having selected this statutory disposition, the Family Court lacked authority to restrict and condition the placement. To attempt to do so was an impermissible interference with the discretion vested in the Social Services Department as an authorized agency (see, e.g., Social Services Law, § 383, subd 2; § 385, subd 2, par [b]; § 398, subd 6, par [h]; subd 8; § 400, subd 1). Accordingly, the order appealed from should be modified by striking so much thereof as requires the juvenile to "live in a family foster home" and that he "not be placed in a more restrictive setting" without further court order; that he "not be returned home" without the department first notifying his Law Guardian; and that the department "report to the law guardian" any time it moves the juvenile from one foster home to another, and, as so modified, affirmed. Order modified, on the law, by striking so much thereof as requires the juvenile to "live in a family foster home" and that he "not be placed in a more restrictive setting" without further court order; that he "not be returned home" without the department first notifying his Law Guardian; and that the department "report to the law guardian" any time it moves the juvenile from one foster home to another, and, as so modified, affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.