■ In the Matter of BRIAN KK., a Person Adjudicated to be a Person in Need of Supervision. — Appeal from an order of the Family Court of St. Lawrence County (Follett, J.), entered February 11, 1981, which (1) placed respondent Brian KK. in the custody of the St. Lawrence County Commissioner of Social Services for a period of 18 months, and (2) simultaneously imposed certain requirements upon that department's supervision of the child. On October 30, 1979, the Family Court adjudicated respondent Brian KK. a person in need of supervision and, pursuant to section 754 (subd 1, par [d]) of the Family Court Act, placed the child on probation. Following a petition filed by the St. Lawrence County Probation Department, however, Family Court revoked probation and placed the child in the custody of the St. Lawrence County

Commissioner of Social Services. In addition to placing the child with social services, Family Court directed that the county Commissioner of Social Services: (1) permit the county probation department to make placement arrangements; (2) permit the school where the child was placed to report to the probation department; (3) consult with the probation department concerning the child's home visits; and (4) "co-ordinate" supervision with the probation department. Such order effectively split supervision over the respondent child between the county Commissioner of Social Services and the department of probation. This court has previously discussed the validity of a disposition such as that rendered here, finding that section 754 of the Family Court Act, "prohibits a disposition that would divide the supervisory responsibility between the county Department of Social Services and the county Department of Probation simultaneously". *(Matter of Lester NN.,* 76 AD2d 687, 688; cf. *Matter of William LL.,* 84 AD2d 877.) This being the case, the supervision of the respondent child must be placed in one or the other of the responsible departments, but not with both jointly or simultaneously *(Matter of Lester NN., supra)*. Having placed the child in the custody of social services, Family Court lacked authority to place the county probation department in a supervisory role. Accordingly, the order must be reversed, insofar as it involves the county probation department. Order modified, on the law, by striking so much thereof as requires involvement by the county probation department in the supervision of respondent child, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.