■ In the Matter of ELLIE OO., a Person Alleged to be in Need of Supervision. LEDA OO., Appellant; ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. — Appeal from an order of the Family Court of St. Lawrence County (Follett, J.), entered May 4, 1981, which denied petitioner's application for termination of placement of her daughter. Because of habitual school truancy, petitioner's daughter Ellie was adjudged a person in need of supervision (PINS), was placed with the Commissioner of Social Services, and was sent to George Junior Republic, from which she ultimately absconded in August, 1980. Since then, officials have been unable to locate her. Her mother petitioned to have placement terminated on the ground that Ellie became 16 on August 28, 1980 and thus could no longer be compelled to attend school. The court declined to terminate supervision, noting that Ellie's need for the continued services of the court could not be determined until "her recent conduct is known and her present needs assessed". The situation presented here is markedly different from that presented in *Matter of Terry UU.* (52 AD2d 683) where the sole basis for the need of supervision was the minor's school truancy. Here the record is replete with evidence indicating that Ellie's problems are far more significant than mere failure to attend school, including an unwholesome symbiotic relationship with her mother (who apparently refuses to aid authorities in locating her), an unwanted pregnancy with resultant abortion, suicide threats, and a complete disregard for authority. In these circumstances, continued supervision is warranted at the very least until complete information is gathered regarding Ellie's present circumstances and a new dispositional hearing can be held. Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

■ In the Matter of the Claim of CLARE ARNO, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 15, 1981, which sustained an initial determination reducing claimant's benefit rate from $125 to $53 per week, pursuant to subdivision 7 of section 600 of the Labor Law. Decision affirmed, without costs. (See *Matter of Liss [Ross],* 80 AD2d 716.) Mahoney, P. J., Kane, Main, Casey and Herlihy, JJ., concur.