■ In the Matter of SHARI WW., Alleged to be a Person in Need of Supervision, Appellant. AUSABLE VALLEY MIDDLE-HIGH SCHOOL, Respondent.—Main, J. Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered January 8, 1985, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Respondent, after exhibiting disobedient behavior in school and being repeatedly truant, had filed against her in Family Court a petition to have her declared a person in need of supervision. The appointed Law Guardian reviewed the petition with respondent and her father and informed them of the seriousness of the matter. Respondent and her parents attended the ensuing hearing, at which the court gave all of them an opportunity to speak. All three declined that opportunity. In addition, after being advised of her right to remain silent and in response to the court's inquiry, respondent admitted the allegations contained in the petition. Thereafter, Family Court adjudicated respondent a person in need of supervision and ordered that she be placed in the custody of the Clinton County Commissioner of Social Services for a period of 18 months and under the supervision of the County Probation Department for one year. This appeal by respondent ensued.

Family Court properly found that respondent was "beyond the lawful control of parent or other lawful authority" (Family Ct Act § 712 [a]). Here, the "lawful authority" which was unable to control respondent was petitioner, the Ausable Valley Middle-High School (see, Matter of Morrison, 110 Misc 2d 329, 330; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 712, p 21). Since respondent herself freely and knowingly admitted the allegations in the petition (cf. Matter of Diallo H., 94 AD2d 976), we conclude that, based upon the petition, Family Court properly adjudicated her to be in need of supervision (see, Matter of Terry UU, 52 AD2d 683, 684). Furthermore, we have examined the record in this case and find respondent's allegations that procedural errors were committed to be without merit (cf. Matter of Lloyd P., 99 AD2d 812, 813; Matter of Kelly Sue N., 94 AD2d 976).

We do, however, modify Family Court's order with regard to the placement of respondent both in the custody of the local

Commissioner of Social Services and, concurrently, under the supervision of the Probation Department. As this court has noted in the past, Family Court Act § 754 mandates that "the supervision of the respondent child * * * be placed in one or the other of the responsible departments, but not with both jointly or simultaneously" *(Matter of Brian KK.,* 84 AD2d 901, 902; *see, Matter of Lester NN.,* 76 AD2d 687, 688). Accordingly, once Family Court placed respondent in the custody of the Commissioner of Social Services, it lacked authority to also place the Probation Department in a supervisory role *(see, id.).*

Order modified, on the law, without costs, by striking so much thereof as requires involvement by the Clinton County Probation Department in the supervision of respondent, and, as so modified, affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.