■ In the Matter of PAUL QQ., Alleged to be a Person in Need of Supervision, Appellant. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Mahoney, P. J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered January 15, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Respondent was born in 1974 in Maryland. The only child of divorced parents, he moved to New Mexico with his mother who, in 1980, remarried. In 1983, when respondent was nine years old, the family moved to Otsego County. During the ensuing four years, respondent's mother and her husband had two children but the family developed problems resulting in charges that led to the husband's arrest and indictment in 1987. During this period, respondent was placed in a foster home where his conduct became uncontrollable. He was physically and verbally abusive to his foster mother, fought with other children and was ultimately placed in another foster home in Delaware County. As a result of these indictments, in November 1987 petitioner filed a petition alleging that respondent was a person in need of supervision. Following fact-finding and dispositional hearings, Family Court determined that respondent was a person in need of supervision and placed him in custody of petitioner for an initial period of 18 months. Respondent appeals.

Initially, we reject respondent's contention that Family Court erred when it failed to dismiss the petition at the close of the fact-finding hearing because petitioner failed to prove each and every allegation in the petition. It is sufficient to sustain the petition where, as here, the evidence introduced established beyond a reasonable doubt that respondent was "incorrigible, ungovernable or habitually disobedient and be-

yond the lawful control of parent or other lawful authority" (Family Ct Act § 712 [a]; § 744 [b]). The proof established that respondent refused to obey reasonable requests, stating, "I'm 13, I can do what I want", that he was verbally abusive and screamed obscenities at his foster mother and other foster children, and that in the course of three weeks he hit and kicked his foster mother. Further, on another occasion respondent put his hands around the neck of a five-year-old child and told the child's mother "how small his neck was and it would be very easy to break it". Accordingly, we conclude, despite some contradictory proof supplied by respondent's testimony, that the evidence produced at the fact-finding hearing established beyond a reasonable doubt a pattern of conduct demonstrating that respondent was incorrigible, ungovernable, habitually disobedient and beyond the lawful control of his guardian.

We also reject respondent's argument that the proof submitted at the dispositional hearing failed to meet the standard of proof required to make the determination that he was a person in need of supervision justifying his placement in petitioner's custody for an initial period of 18 months. Family Court Act § 745 (b) provides, "An adjudication at the conclusion of a dispositional hearing must be based on a preponderance of the evidence." Given respondent's conduct particularized above and the testimony at the dispositional hearing that respondent's behavior was improving while in foster care but that respondent and his mother are in need of further counseling, we cannot say that the quantum of proof necessary was not satisfied or that Family Court abused its discretion in the placement of respondent with petitioner for an initial period of 18 months *(see, e.g., Matter of Jamie L.,* 110 AD2d 975). We find no merit to respondent's other contentions.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.