■ In the Matter of BRIAN QQ., Alleged to be a Person in Need of Supervision, Respondent. GARY QQ., Appellant.— Kane, J. P. Appeal from an order of the Family Court of

Madison County (Humphreys, J.), entered July 5, 1988, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Petitioner appeals from an order of Family Court which, *inter alia,* found respondent, his son, to be a person in need of supervision *(see,* Family Ct Act § 712 [a]) and ordered him placed in the custody of his mother. Petitioner claims that he was denied due process because Family Court allegedly failed to conduct a dispositional hearing and improperly excluded respondent during the court's proceedings. We disagree. Initially, we note that by failing to voice his objections to Family Court during the proceedings, petitioner has not properly preserved these issues for appeal *(see,* Family Ct Act § 1118; CPLR 5501 [a] [3]; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5501.11; 12A Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac § 25.15 [2]). In any event, upon careful review of the record, it is our view that the dispositional hearing held by Family Court afforded petitioner a full and fair opportunity to be heard, giving the full measure of any due process owed *(cf., Matter of John G.,* 89 AD2d 704). Furthermore, the right to be present during the dispositional hearing belongs to the child *(see, Matter of Cecilia R.,* 36 NY2d 317, 320; 12A Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac § 25.11), and in this instance respondent has raised no objection to his brief exclusion from the proceedings. Nor has petitioner demonstrated any error in Family Court's reasons for the exclusion, which were clearly explained in the record *(see, Matter of Cecilia R., supra,* at 322).

Finally, we reject petitioner's argument that the disposition was not supported by the requisite preponderance of the evidence *(see,* Family Ct Act § 745 [b]). The record more than amply satisfied the quantum of proof necessary to support Family Court's order *(see, Matter of Paul QQ.,* 152 AD2d 764, 765).

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.