■ In the Matter of LEE V., a Person Alleged to be in Need of Supervision, Respondent. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [610 NYS2d 99] —Weiss, J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered July 20, 1993, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent in violation of an order of protection.

Following a dispositional hearing, Family Court ordered that respondent, who had been adjudicated a person in need of supervision, be placed for a period of 18 months in the custody of petitioner and that respondent may reside with his father. Appropriate orders of protection were also entered. Petitioner thereafter filed a violation petition with respect to an order of protection against respondent. Family Court granted petitioner's motion to place respondent in foster care during the pendency of the violation petition, but subsequently ordered that the custody/residential arrangement set forth in the dispositional order be reinstated during the pendency of the violation petition. Following a hearing on the violation petition, Family Court ordered, *inter alia,* that although respondent violated the order of protection, the custody/residential arrangement set forth in the dispositional order would remain.

Petitioner appeals, arguing that the Family Court Act does not vest Family Court with the authority to place respondent in petitioner's custody while simultaneously requiring respondent to reside with his father. Case law from this Court suggests that Family Court Act § 754 (1) authorizes Family Court to select only one of the dispositions set forth in that section and in Family Court Act § 756 (a) (i) and (ii) *(see, e.g., Matter of Shari WW.,* 115 AD2d 193; *Matter of Brian KK.,* 84 AD2d 901; *Matter of Lester NN.,* 76 AD2d 687, 688). However, the case law is premised on an interpretation of Family Court Act §§ 754 and 756 that would preclude a disposition which divides the supervisory responsibility of the person in need of supervision between a social services department and a probation department, for such a disposition "would fail to pin the responsibility for the child's custody on one or the other of the departments" *(Matter of Lester NN., supra,* at 688).

In the instant case, "departmental buck passing" *(see, supra,* at 689) is not a concern. Family Court's placement of respon-

dent was based on the needs and best interest of respondent as well as the need for protection of the community *(see, Matter of April FF.,* 195 AD2d 860) after considering the testimony of various teachers, a counselor, a caseworker, respondent's employer and respondent himself. Family Court also considered mental health reports and noted that the custodial arrangement would permit respondent to continue his present employment. A review of the record presents no reason for disturbing Family Court's disposition.

Cardona, P. J., Mikoll and Peters, JJ., concur. Ordered that the order is affirmed, without costs.