■ In the Matter of JEREMY L., a Person Alleged to be in Need of Supervision, Appellant. FRANK S. DEL FAVERO, as Principal of Otto Shortell Middle School, et al., Respondents. [632 NYS2d 682] —White, J. Appeal from an order of the Family Court of Madison County (O'Brien, III, J.), entered September 19, 1994, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision, and placed him in the custody of the Commissioner of Social Services for a period of 18 months.

Family Court adjudicated respondent a person in need of supervision (hereinafter PINS) and, following a dispositional hearing, determined that he should be placed in a residential facility for 18 months. Respondent now appeals, focusing primarily on the quality of his former Law Guardian's representation and Family Court's order of disposition.*

Respondent's first argument is that he was denied the right to present a defense since neither his Law Guardian nor Family Court ordered a psychological evaluation, which may have shown that his behavior was not willful as he may suffer from a learning or developmental disability. Respondent is precluded from raising this issue on appeal since he did not raise it before Family Court (*see, Matter of Lisa S. v William S.,* 187 AD2d 435, 436; *Matter of Matthew FF.,* 179 AD2d 928). In any event, assuming this constitutional right applies to a PINS proceeding (*see, Matter of Cecilia R.,* 36 NY2d 317, 320; *Matter of Keith*

---

* Although the notice of appeal is premature, in the interest of justice we will deem it valid (*see, Matter of Charles BB.,* 179 AD2d 904, 905).

*H.*, 188 AD2d 81, 84), respondent's argument is meritless because Family Court did not preclude him from seeking a psychological evaluation (*see*, *People v Gonzalez*, 184 AD2d 579, *lv denied* 80 NY2d 904). Moreover, there was no reason for Family Court, *sua sponte*, to have ordered such an evaluation during the course of the fact-finding hearing, as there are no indications in the record that respondent was unable to understand or fully participate in the proceeding (*compare*, *Matter of Ardon II.*, 175 AD2d 355).

Respondent next argues that the dispositional hearing was insufficient due to Family Court's failure to consider less restrictive alternatives to residential placement. This argument's premise is faulty since the " 'least restrictive analysis' " does not apply to PINS proceedings (*Matter of April FF.*, 195 AD2d 860). Instead, Family Court is obliged to consider the needs and best interests of the respondent as well as the need for protection of the community (*see*, *Matter of Lee V.*, 203 AD2d 639, 640; *Matter of April FF.*, *supra*, at 861).

Family Court determined that residential placement was warranted in this instance in light of respondent's serious behavioral problems, including physical abuse of fellow students and a history of juvenile offenses. These factors, together with the lack of parenting skills of respondent's mother, her failure to seek mental health therapy or counseling for respondent despite having opportunities to do so, and the presence in the home of respondent's older brother who is pursuing an aimless life oftentimes involving criminality, led Family Court to conclude that respondent's home life lacked the discipline and structure he needed. While respondent contends that Family Court placed undue emphasis on his home life, its assessment of his home environment was entirely appropriate since it bore directly on the issue of the necessity of a residential placement. Thus, inasmuch as Family Court's findings are supported by the record, we conclude that it appropriately exercised its discretion in this matter (*see*, *Matter of Charles EE.*, 195 AD2d 725, 726; *Matter of Robert U.*, 192 AD2d 760, 761, *lv denied* 82 NY2d 653, *appeal dismissed* 82 NY2d 748).

Lastly, we reject respondent's argument that his former Law Guardian did not provide him with effective assistance since the record, viewed in its entirety, discloses that the Law Guardian was prepared and employed basic advocacy skills in support of respondent's interests (*see*, *Matter of Ashley AA.*, 212 AD2d 937, 939; *cf.*, *Matter of Jamie TT.*, 191 AD2d 132, 137).

For these reasons, we affirm Family Court's order.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.