■ In the Matter of Nesrine E. Coleen Rupp-E., Respondent; Mohamed E., Appellant. [731 NYS2d 662] —In a proceeding pursuant to Family Court Act article 7, the appeal is from an order of disposition of the Family Court, Suffolk County (Simeone, J.), entered March 15, 2001, which, upon the admission of Nesrine E. to the allegations contained in the petition, adjudged her to be a person in need of supervision and directed that she be placed under the supervision of the Suffolk County Probation Department for a period of one year.

Ordered that the order of disposition is affirmed, without costs or disbursements.

To the extent that the appellant contends that the Family Court should have granted his application to have his daughter, Nesrine E., "place[d]" in his "custody" (Family Ct Act § 756 [a] [i]), we agree with the court that her "needs and best interests" will best be served by her placement in a residential treatment center (*Matter of Jeremy L.,* 220 AD2d 908). To the extent that the appellant's pending custody proceeding may have been dismissed, our holding is without prejudice to the appellant bringing a new proceeding.

The remaining contentions raised in the appellant's *pro se* brief, all of which are purportedly made on behalf of Nesrine E., cannot be considered, as she is represented by a Law Guardian who is protecting her interests and the appellant has no standing to address these issues (Family Ct Act § 241; *see also,* Family Ct Act § 249 [a]; *cf., Matter of Mittenthal v Dumpson,* 37 Misc 2d 502, 510). Altman, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.