█ In the Matter of DEVAN G., Alleged to be a Person in Need of Supervision. TRACY UU., Respondent; DEVAN G., Appellant. [826 NYS2d 817]—

Rose, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered May 11, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

Upon his mother's petition, respondent was adjudicated a person in need of supervision based upon proof that, among other things, he defied and verbally abused his mother, was excessively absent from school, ran away from home, and refused to take prescribed medications and participate in counseling. Following a dispositional hearing in April 2006, Family Court ordered that respondent be placed in the custody of the Commissioner of Social Services of Saratoga County for continued placement in an appropriate residential facility for a period of 12 months.

On his appeal, respondent contends only that Family Court erred in placing him in the custody of the Commissioner of Social Services rather than with his 26-year-old married cousin. Although a psychologist retained by respondent's cousin and her husband opined that placement with them would be less restrictive and better than placement at a residential facility, she gave no opinion as to the comparative benefit of respondent's continued placement at Burnham Youth Safe Center, where he had been since February 2006. Also, Family Court discounted the psychologist's opinion because she had limited knowledge of respondent's need for medication, the extent of the conflict with his mother, and his history of school and mental health problems. In addition, Family Court rejected respondent's testimony about how he would behave in the custody of his cousin, and the court was unpersuaded by the cousin's testimony because of her attitude and demeanor. In support of continued

residential placement, Family Court had before it reports from Burnham Youth Safe Center and another facility where respondent had recently resided, as well as a statement from a psychiatrist at the second facility.

"It is well settled that Family Court, as the trier of fact, determines witness credibility and resolves disputed questions of fact and '[i]ts determination should be afforded the same weight given a jury verdict' " (*Matter of Manuel W.*, 279 AD2d 662, 662 [2001], quoting *Matter of Joseph A.*, 244 AD2d 724, 725 [1997], *lv denied* 91 NY2d 813 [1998]). According due deference to Family Court's resolution of credibility issues and recognizing that it "was not required to engage in a ' "least restrictive analysis" ' in this . . . proceeding" (*Matter of Justin H.*, 278 AD2d 555, 556 [2000]; *accord Matter of Jeremy L.*, 220 AD2d 908, 909 [1995], *lv denied* 87 NY2d 807 [1996]; *Matter of April FF.*, 195 AD2d 860, 860 [1993]), our review of the record reveals ample evidence to support Family Court's determination.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.