■ In the Matter of Ashlie B., Alleged to be a Person in Need of Supervision. Susan B., Respondent; Ashlie B., Appellant. [830 NYS2d 809]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered June 1, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

Upon her mother's petition, respondent (born in 1991) was adjudicated a person in need of supervision (hereinafter PINS) based on her admissions that she was truant, ungovernable, habitually disobedient and lied to her mother about her whereabouts. Following a dispositional hearing, Family Court placed her in the custody of the Broome County Department of Social Services (hereinafter DSS) for a period of 12 months. Respondent appeals from the order of factfinding and disposition.*

Respondent argues that Family Court erred in ordering placement with DSS because less restrictive alternatives were available; specifically, she contends that probation should have been ordered. As an initial matter, we note that the least restrictive analysis is inapplicable to PINS proceedings; instead, the court "is obliged to consider the needs and best interests of the respondent as well as the need for protection of the community" (*Matter of Jeremy L.*, 220 AD2d 908, 909 [1995], *lv denied* 87 NY2d 807 [1996]; *see Matter of Devan G.*, 35 AD3d 1121, 1122 [2006]; *Matter of Justin H.*, 278 AD2d 555, 556 [2000]).

Here, Family Court's disposition is supported by the hearing evidence which reflects, among other things, that over the

---

* An amended order was subsequently issued which clarified certain terms of the original order. Although no appeal was taken from the amended order, "[t]his act of resettlement does not affect the appeal taken from the original order" and we may review the amended order without another notice of appeal having been filed (*Elda Dev. Corp. v Wall*, 101 AD2d 1000, 1001 [1984], *appeal dismissed* 63 NY2d 952 [1984]; *see* CPLR 5517 [b]).

months preceding the petition, respondent seldom attended school, repeatedly ran away from home, and often took up residence with a potentially dangerous boyfriend. Petitioner testified that respondent ignored the rules of the home, often lied to her and could not be controlled. Respondent's probation officer testified that respondent previously disobeyed the rules of probation and was not a good candidate for that disposition. Under all the circumstances, we conclude that Family Court properly exercised its discretion in ordering placement with DSS (*see* Family Ct Act § 756; *Matter of Justin H., supra* at 556-557; *Matter of Sandra I.,* 245 AD2d 655, 656 [1997]; *Matter of Jeremy L., supra* at 909; *Matter of April FF.,* 195 AD2d 860, 861 [1993]).

Finally, we are unpersuaded by respondent's argument that Family Court, on its own initiative, should have substituted a neglect petition under Family Ct Act article 10 for the PINS petition. Although the court has the discretion to do so (*see* Family Ct Act § 716), on this record, we find no abuse of discretion (*see Matter of Nicholas X.,* 262 AD2d 683, 684 [1999]).

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.