In the Matter of Sonya LL., a Person Alleged to be in Need of Supervision. SUNSHINE LL., Petitioner; SONYA LL., Appellant. JONATHAN WOOD, as Tompkins County Attorney, Respondent. [861 NYS2d 463]—

Rose, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered July 31, 2007, which, in a proceeding pursuant to Family Ct Act article 7, modified a prior order of fact-finding and disposition.

Following a fact-finding hearing, Family Court issued an order, dated February 27, 2007, adjudging respondent (born in 1991) to be a person in need of supervision (hereinafter PINS). That order directed that she be placed with the Tompkins County Department of Social Services (hereinafter DSS) pending performance of a diagnostic evaluation, and that she then be "immediately returned" to the court for consideration of the evaluation and review of placement at that point. After receiving a report of the evaluation, Family Court issued an order,

entered on July 31, 2007, placing respondent in residential treatment until February 2008 or until she was recommended for discharge by DSS and the residential facility. Respondent appeals from that later order.

We consider the order entered on July 31, 2007 to constitute the final dispositional order. Accordingly, respondent could appeal from it as of right (*see* Family Ct Act § 1112 [a]), and her appeal brings up for review Family Court's earlier PINS adjudication (*see Matter of Jessica GG.*, 19 AD3d 765, 765 n [2005]; *Matter of Michael H.*, 239 AD2d 618, 619 [1997]). Further, despite the expiration of respondent's placement, we do not consider her appeal from the underlying PINS adjudication to be moot (*see Matter of Kiesha BB.*, 30 AD3d 704, 705 n [2006]).

Turning to respondent's contention that the petition here is jurisdictionally defective because it does not adequately comply with Family Ct Act § 735, we note that the attached "petition report" indicates that respondent and her mother, who is the petitioner, met with an officer to discuss the PINS diversion program, and that they were provided with seven distinct services, including anger management. The report concludes that, while respondent had been on the diversion program for a month, the services rendered had no significant impact on her behavior and she posed a risk of harm to her mother. When viewed as a whole, the petition and its attachments complied with the substantive requirements of Family Ct Act § 732 (d) and § 735 (*compare Matter of Leslie H. v Carol M.D.*, 47 AD3d 716, 717 [2008]).

Finally, according due deference to Family Court's assessment of the mother's testimony (*see Matter of Devan G.*, 35 AD3d 1121, 1122 [2006]), we find that the evidence adduced at the fact-finding hearing was sufficient to establish that respondent's conduct was habitual (*see* Family Ct Act § 732 [a]). The uncontroverted proof that respondent disobeyed and verbally abused her mother, physically attacked her mother or acted violently by screaming and throwing things on four separate occasions supports Family Court's PINS adjudication by a preponderance of the evidence (*see Matter of Paul QQ.*, 152 AD2d 764, 765 [1989]; *Matter of Ashlie B.*, 37 AD3d 997, 998 [2007]).

Cardona, P.J., Peters, Carpinello and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.