In the Matter of MICHAEL TT., a Child Freed for Adoption, Appellant. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [912 NYS2d 150]—

Cardona, P.J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered January 7, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law article 6, to modify a prior order of disposition by terminating respondent's guardianship and placement with petitioner.

Respondent (born in 1991) has been in the guardianship and custody of petitioner since 2005. He resided in various foster homes until, in May 2009, at the age of 17, he was arrested for stealing his foster family's car. After pleading guilty to criminal possession of stolen property in the fourth degree and burglary in the third degree, he remained in jail until September 2009, when he was transferred to a substance abuse treatment facility with the understanding that if he completed a treatment program he would not be sentenced to prison.

Subsequently, petitioner moved, by order to show cause, to

a fortuitous consequence of the fact that he must be confined" (*Olim v Wakinekona*, 461 US 238, 248 n 9 [1983]).

terminate its guardianship and custody of respondent based upon his exposure to either a 12-month placement in an inpatient treatment facility or a longer term of imprisonment that petitioner claimed would prevent it from providing services to respondent. Following a hearing, Family Court granted the application, holding that "respondent has forfeited his right to be in the guardianship and custody of [petitioner] by committing a serious crime." Respondent appeals, and we reverse.

Initially, we note that respondent came into the guardianship and custody of petitioner pursuant to Social Services Law § 384 when Family Court approved a surrender instrument executed by his mother. Section 384 specifies certain conditions under which a parent may apply to revoke or annul a judicial surrender. However, the statute does not authorize the agency to make such an application.

Furthermore, the agency has the duty to "[s]upervise children who have been cared for away from their families until such children become [21] years of age or until they are discharged to their own parents, relatives within the third degree or guardians, or adopted" (Social Services Law § 398 [6] [h]; see § 395). Notably, section 398 does not contain any circumstances under which a child under the age of 21 may be deemed to have forfeited that statutory right. While petitioner argues that it should not be exposed to liability for respondent while he is under the jurisdiction of County Court in the criminal matter, or, alternatively, under the care of the Department of Correctional Services if he is incarcerated, we note that the statutory mandate makes no exception for criminal behavior on the part of the child, nor has petitioner pointed to any other authority that would allow it to relinquish its responsibility to respondent.* Petitioner's claim that it is fulfilling its duties by voluntarily providing a discharge plan that will keep respondent on an aftercare case load until the age of 21 is unavailing.

Mercure, Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision.

---

* We disagree with petitioner's contention that *Matter of Brian KK.* (84 AD2d 901 [1981]) compels a different conclusion, inasmuch as that matter involved specific statutory dispositional alternatives relating to the placement of a person in need of supervision under Family Ct Act article 7 (*see Matter of William LL.*, 84 AD2d 877 [1981]; *Matter of Lester NN.*, 76 AD2d 687 [1980]).