In the Matter of ALEXANDER C., Appellant. [922 NYS2d 186]—

In a proceeding pursuant to Family Court Act article 7, Alexander C. appeals from an order of fact-finding and disposition of the Family Court, Dutchess County (Sammarco, J.), dated July 2, 2010, which, after fact-finding and dispositional hearings, and upon his admission to truancy, adjudicated him to be a person in need of supervision and directed that he be placed in the custody of the Dutchess County Commissioner of Social Services for a period of up to 12 months.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The appellant's attorney contends that the order should be

reversed because the Family Court determined the instant petition on the merits, despite the facts that the Dutchess County Department of Social Services made an initial determination that a child protective service report involving the child was warranted, no neglect proceeding was ever commenced, and the Family Court failed to consider the services that would have been required had a neglect proceeding been commenced. These contentions are unpreserved for appellate review. The appellant's attorney at the hearing never argued to the Family Court that a neglect petition should have been filed, rather than a proceeding to designate the appellant a person in need of supervision (hereinafter PINS), and never requested that the Family Court substitute a neglect petition for the PINS petition.

In any event, these contentions are without merit. Although Family Court Act § 716 provides that the Family Court, on its own motion and at any time in the proceedings, may substitute a neglect petition for a PINS petition, the Family Court did not err in failing to do so here. There is no evidence in the record that the conduct underlying the basis for the PINS petition, specifically the appellant's admitted truancy, was attributable or related to an act of abuse or neglect (*see Matter of Lynette YY. [Holly]*, 299 AD2d 753 [2002]; *Matter of Nicholas X.*, 262 AD2d 683 [1999]; *Matter of Jeremiah RR.*, 260 AD2d 676 [1999]; *Matter of Sandra I.*, 245 AD2d 655 [1997]; *cf. Matter of Paul H.*, 47 AD2d 853 [1975]).

The Family Court properly considered the petition and determined that the appellant was a person in need of supervision. After finding beyond a reasonable doubt, after the fact-finding hearing, that the appellant, by his own admission, was illegally absent from school at least 13 times during the 2009-2010 school year (*see* Family Ct Act § 744 [b]; *Matter of Toni Ann O.*, 56 AD3d 563 [2008]), the Family Court properly determined, upon a preponderance of the evidence, after the dispositional hearing, that reasonable efforts had been made prior to the dispositional hearing to prevent the need for removal of the appellant from his home (*see* Family Ct Act §§ 745, 754 [2] [a]). There is no basis to disturb the Family Court's determination.

The appellant failed to preserve for appellate review his contentions that placement outside the home, at Berkshire Farm Center and Services for Youth (*see* Social Services Law §§ 472-e, 472-k), constituted cruel and unusual punishment and a violation of his due process rights, as he did not make those arguments before the Family Court at the dispositional hearing. In

any event, those contentions are without merit. The Family Court properly found, upon a preponderance of the evidence, that the appellant's needs and best interests would be served by his placement outside the home (*see* Family Ct Act §§ 745, 754 [2] [a]; *Matter of Jessica C.*, 63 AD3d 1618 [2009]; *Matter of Nesrine E.*, 287 AD2d 565 [2001]). Social Services Law § 472-k expressly provides that the Family Court may place any child adjudicated to be a person in need of supervision at Berkshire Farm Center and Services for Youth. It was not cruel and unusual punishment or a violation of due process to place the appellant in that facility. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.