■ In the Matter of JOHN R., JR., Appellant. [924 NYS2d 287]—

In a proceeding pursuant to Family Court Act article 7, John R., Jr., appeals from an order of the Family Court, Dutchess County (Forman, J.), dated August 4, 2010, which revoked a prior order of disposition of the same court dated July 14, 2009, adjudicating him to be a person in need of supervision and placing him on probation, upon his admission that he had violated a condition thereof, and placed him in the custody of the Dutchess County Department of Social Service for a period of 12 months.

Ordered that the order is affirmed, without costs or disbursements.

The appellant contends that the Family Court should have granted his request to be placed in the custody of an aunt, which was a less restrictive alternative than placing him in the custody of the Dutchess County Department of Social Services (hereinafter DSS). Initially, we note that the "least restrictive analysis" applies to juvenile delinquency proceedings (*see* Family Ct Act § 352.2 [2] [a]), and not proceedings to adjudicate a child to be a person in need of supervision (hereinafter PINS) (*see Matter of Ashlie B.*, 37 AD3d 997 [2007]; *Matter of Devan G.*, 35 AD3d 1121, 1122 [2006]; *Matter of Justin H.*, 278 AD2d 555, 556 [2000]; *Matter of Jeremy L.*, 220 AD2d 908, 909 [1995]; *Matter of April FF.*, 195 AD2d 860, 860-861 [1993]). In a PINS proceeding, the court is obligated to consider the best interests of the child (*see* Family Ct Act § 754 [2] [a]; *Matter of Nesrine E.*, 287 AD2d 565 [2001]). We agree with the Family Court that the appellant's needs and best interests were best served by placing him in the custody of DSS.

Contrary to the appellant's contention, the order appealed from sufficiently stated the Family Court's reasons for this particular disposition (*see* Family Ct Act § 754 [2] [a]). Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.