In the Matter of JESSIE EE., a Person Alleged to be in Need of Supervision. STEPHEN GRATTO, as Principal of Northeastern Central High School, Respondent; JESSIE EE., Appellant. [938 NYS2d 218]——

Malone Jr., J.

Initially, respondent does not challenge Family Court's determination that she is a PINS. Rather, she challenges Family Court's determination to place her in the custody of DSS. Upon adjudicating respondent to be a PINS, Family Court was authorized to, among other things, continue the proceeding and place respondent in her own home or with a suitable relative or private person, or place her in the custody of the Commissioner of Social Services (see Family Ct Act §§ 754, 756). Here, after reviewing the facts and circumstances of the case and according deference to the court's credibility determinations, it cannot be said that it was an abuse of discretion for Family Court to find that the appropriate placement for respondent was with DSS

rather than her family or a private person (*see* Family Ct Act § 754 [1] [c]; *Matter of Devan G.*, 35 AD3d 1121, 1122 [2006]).[1] Notably, the record discloses that, in addition to being excessively absent from school, running away from home and threatening suicide, respondent had engaged in unprotected sexual relations, causing her to become pregnant, started a fire in her bedroom closet and attempted to jump from a moving vehicle. The testimony of respondent's mother revealed that neither she nor respondent's father had been able to control respondent's behavior. Inasmuch as extensive pre-proceeding attempts at diversion had been made and proved to be ineffective, and considering the severity of respondent's misconduct, Family Court's determination that the placement of respondent with DSS served respondent's "best interests and that of the community" (*Matter of Charles U.*, 40 AD3d 1160, 1164 [2007], *lv denied* 9 NY3d 807 [2007]; *see Matter of Sonya LL.*, 53 AD3d 727, 728 [2008]) is supported by the evidence and was not an abuse of discretion (*see* Family Ct Act § 745; *Matter of Rebecca Y.*, 195 AD2d 727 [1993]).[2]

Respondent's remaining contention regarding Family Court's review of the sufficiency of the diversion services provided by DSS has been considered and found to be unpersuasive.

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

1. Because respondent was 16 years old at the time of Family Court's order, the court appropriately set forth its findings of "special circumstances" that warranted the placement of respondent pursuant to Family Ct Act § 756 (Family Ct Act § 754 [1] [c]). Respondent does not challenge those findings on appeal.

2. To the extent that respondent alleges that she was improperly placed by DSS in a residential facility rather than a foster care home, this information regarding her placement is outside the record and, therefore, any argument with respect to such is not properly before this Court. In any event, "the least restrictive analysis is inapplicable to PINS proceedings" (*Matter of Ashlie B.*, 37 AD3d 997, 997 [2007]).