■ In the Matter of RONNIE M., a Person Alleged to be in Need of Supervision, Appellant. [942 NYS2d 812]—

In a proceeding pursuant to Family Court Act article 7, Ronnie M. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Loguercio, J.), dated June 27, 2011, which, after fact-finding and dispositional hearings, adjudged the appellant to be a person in need of supervision and directed that he be placed in the custody of the Suffolk County Department of Social Services for a period of one year for placement with Hope for Youth.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court properly determined that the appellant, Ronnie M., was a person in need of supervision. Further, it did not err in placing the appellant in the custody of the Department of Social Services (hereinafter the DSS) for a period of one year for placement in a residential treatment facility. After finding beyond a reasonable doubt (*see* Family Ct Act § 744 [b]), after a fact-finding hearing, that the appellant had engaged in repeated acts of physically and verbally violent behavior, threats, and acts of defiance and disobedience (*see Matter of Jonathan D.*, 297 AD2d 400, 401 [2002]; *Matter of Edwin G.*, 296 AD2d 7, 8 [2002]; *cf. Matter of Anna "AA"*, 36 AD2d 1001, 1002 [1971]), the Family Court correctly determined, upon a preponderance of the evidence (*see* Family Ct Act § 745 [b]), after a dispositional hearing, that reasonable efforts had been made prior to the dispositional hearing to prevent the need for removal of the appellant from his home (*see* Family Ct Act §§ 745, 754 [2]; *Matter of Alexander C.*, 83 AD3d 1058, 1059 [2011]). The Family Court also properly found, based upon a preponderance of the evidence, that the appellant's needs and best interests, as well as the need for protection of the community, were best served by his placement with the DSS in residential treatment outside the home (*see* Family Ct Act §§ 745, 754 [2]; *Matter of Ashlie B.*, 37 AD3d 997 [2007]; *Matter of Jeremy L.*, 220 AD2d 908, 909 [1995]; *cf. Matter of Jessica PP.*, 23 AD3d 953 [2005]). Skelos, J.P., Florio, Eng and Roman, JJ., concur.