Kavanagh, J.
In May 2011, petitioner filed a Family Ct Act article 3 application seeking to declare respondent (born in 1995) a juvenile delinquent because he was alleged to have committed an act that, if performed by an adult, would constitute the crimes of assault in the third degree, attempted assault in the third degree, and endangering the welfare of a child. Specifically, it alleged that respondent — who was 15 years old at the time — tackled and pushed an 11-year-old girl to the ground injuring her ankle. On consent of the parties, Family Court converted the application into an application pursuant to Family Ct Act article 7 alleging that respondent was a person in need of supervision (hereinafter PINS). After respondent admitted to conduct justifying his adjudication as a PINS, a dispositional hearing was held at which time he took no position regarding the disposition to be imposed. Ultimately, respondent was adjudicated a PINS, and placed in the custody of the Essex County Department of Social Services (hereinafter DSS) for a period of 12 months after it was determined that it was no longer responsible nor reasonable to allow him to remain at his home (see Family Ct Act §§ 754 [2] [a]; 756). Respondent now appeals.
Respondent does not challenge Family Court’s determination that he is a PINS, but only its decision to place him in the custody of DSS. Contrary to respondent’s contention, the test to be employed in assessing the appropriateness of a disposition imposed in a PINS proceeding is not whether the disposition is the least restrictive disposition available, but instead, whether it is one that addresses the best interests of the child (see Matter of Jessie EE., 91 AD3d 1142, 1143 n 2 [2012]; Matter of Ashlie B., 37 AD3d 997, 998 [2007]; accord Matter of John R., 84 AD3d 1384 [2011]). Nor do we agree that respondent’s placement with DSS, on the circumstances presented, constituted an abuse of Family Court’s discretion (see Matter of Jessie EE., 91 AD3d at 1142; Matter of Jennifer QQ., 63 AD3d 1232, 1234 [2009]; Matter of Ashlie B., 37 AD3d at 998). Here, respondent has a “significant” legal history that included eight separate instances where he was charged with conduct that was criminal, *1076 two prior PINS adjudications and a prior placement with the Clinton County Department of Social Services. Also, respondent had previously received services through the Clinton County Probation Department and, while on probation, was placed with DSS after it was found that he had violated probation by discharging a BB gun at another child and striking that child in the leg. Moreover, while on probation, it was determined that respondent made a “poor adjustment to [probation supervision,” demonstrated a lack of respect for authority, damaged property of others and assaulted other children. The court further noted that while this petition was pending, respondent was charged with petit larceny. Based on this record, Family Court found that allowing respondent to remain at home “would likely result in [his] committing additional criminal acts, now as an adult, and would not provide the necessary mental health, educational, and other services that he needs.”* Respondent’s placement with DSS “clearly served [his] needs and promoted [his] best interests” (Matter of Jennifer QQ, 63 AD3d at 1234; see Family Ct Act § 756; Matter of Ashlie B., 37 AD3d at 998) and, as Family Court’s determination enjoys substantial support in the record, it is in all respects affirmed.
Mercure, J.P, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 Family Court also made specific findings regarding the special circumstances that warranted placement of respondent, who had turned 16 years old (see Family Ct Act § 754 [1] [c]).