appealed from be and the same is hereby affirmed. Concur—
Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.

■ EASTCO BUILDING SERVICES, INC., Respondent, v NEW
YORK CITY HOUSING AUTHORITY, Appellant. [950 NYS2d 907]—

Order, Supreme Court, New York County (Judith J. Gische,
J.), entered January 10, 2011, which, to the extent appealed
from as limited by the briefs, denied defendant's motion for dis-
missal of the complaint, unanimously reversed, on the law,
without costs, and the motion granted. The Clerk is directed to
enter judgment accordingly.

It is well settled that "[a] cause of action for breach of a
construction contract accrues upon substantial completion of
the work" (*Superb Gen. Contr. Co. v City of New York*, 39 AD3d
204, 204 [1st Dept 2007], *lv dismissed* 10 NY3d 800 [2008], cit-
ing *Phillips Constr. Co. v City of New York*, 61 NY2d 949 [1984]).
Plaintiff commenced this action more than six years after
completing its work, and therefore the claim for breach of
contract is untimely and should have been dismissed (CPLR 213
[2]). Additionally, the existence of a valid and enforceable writ-
ten contract between the parties covering the subject matter in
dispute precludes recovery in quasi contract (*see Clark-
Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).
Concur—Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse,
JJ.

■ In the Matter of CHRISTINE M., Alleged to be a Person in
Need of Supervision, Appellant. [951 NYS2d 496]—

Order of disposition, Family Court, Bronx County (Sidney
Gribetz, J.), entered on or about May 25, 2011, which, upon a
fact-finding determination that appellant acted in an ungovern-
able and incorrigible manner, adjudicated her as a person in
need of supervision and placed her on probation for 12 months,
unanimously affirmed, without costs.

The court's determination was well supported by the evidence
adduced at the hearing. Even if appellant's treatment of her
mother was an isolated incident, Family Court Act § 712 (a)
defines a "[p]erson in need of supervision" (PINS) as, among
other things, "[a] person less than [18] years of age . . . who is
incorrigible, ungovernable or habitually disobedient and beyond
the lawful control of a parent or other person legally responsible
for such child's care." The Family Court properly construed the

plain statutory language which employs the use of "or" when describing three possible types of PINS behavior, those types being: (1) incorrigible behavior; (2) ungovernable behavior; or (3) habitually disobedient behavior. "Habitually" immediately precedes "disobedient" and, therefore, only qualifies "disobedient" and not "incorrigible" or "ungovernable" (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 254). Thus, unlike disobedience, incorrigible or ungovernable behavior need not be habitual to serve as a sufficient basis upon which to make a PINS determination (*see e.g. Matter of Daniel I.*, 57 AD3d 666, 667 [2d Dept 2008]; *Matter of Sonya LL.*, 53 AD3d 727, 728 [3d Dept 2008]). Concur—Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.