■ In the Matter of GARY MM. and Another, Children Alleged to be Abused and/or Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GIRARD MM., Appellant. [955 NYS2d 230]—

Mercure, J.P. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered October 24, 2011, which,

among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Petitioner commenced this proceeding based upon allegations that respondent abused and neglected his two children (born in 2004 and 2007). On the third day of the fact-finding hearing, Family Court took a recess during cross-examination of respondent and, thereafter, no further testimony or evidence was presented. The court granted respondent's subsequent motion to expand the proof to substitute higher quality photographs for those already in evidence, and the parties submitted written closing statements. The court then determined that respondent abused the older child, and derivatively abused the younger child. Following a dispositional hearing, the court released the children to the custody of their mother, placed respondent under petitioner's supervision, and issued orders of protection against respondent and in favor of the children. Respondent now appeals, arguing that he was deprived of due process because—he maintains—Family Court improperly terminated the hearing.

Due process requires that a respondent in a Family Ct Act article 10 proceeding be "afforded a full and fair opportunity to be heard" (*Matter of Telsa Z. [Denise Z.]*, 84 AD3d 1599, 1600 [2011], *lv denied* 17 NY3d 708 [2011] [internal quotation marks and citation omitted]; *see* Family Ct Act § 1011). Although respondent moved to expand the record—and that motion was granted—and submitted a written closing statement, he did not challenge the alleged improper conclusion of the hearing or otherwise move to reopen the evidence before Family Court and, thus, his claim is unpreserved for our review (*see Matter of Telsa Z. [Denise Z.]*, 84 AD3d at 1600; *Matter of Brian QQ.*, 166 AD2d 749, 750 [1990]; *cf. Matter of Middlemiss v Pratt*, 86 AD3d 658, 659 n [2011]). In any event, respondent makes no claim that he was prevented from calling any witnesses or presenting additional evidence at the hearing, and the record reveals that he was "giv[en] the full measure of any due process owed" (*Matter of Brian QQ.*, 166 AD2d at 750; *see Matter of Telsa Z. [Denise Z.]*, 84 AD3d at 1600-1601; *cf. Matter of Middlemiss v Pratt*, 86 AD3d at 659-660).

Malone Jr., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.