In a proceeding pursuant to Family Court Act article 7, Catherine B. appeals from an order of the Family Court, Dutchess County (Watson, J.), dated June 18, 2013, which revoked a prior order of fact-finding and disposition of the same court dated January 22, 2013, adjudicating her, upon her consent, to be a person in need of supervision and placing her on probation, upon her admission that she had violated a condition thereof, and placed her in the custody of the Dutchess County Commissioner of Community and Family Services until April 16, 2014.
Ordered that the order is affirmed, without costs or disbursements.
After a child is adjudicated to be a person in need of supervision (hereinafter PINS), Family Court Act § 754 (1) lists four dispositional alternatives that are available to it: (1) discharge the child with a warning; (2) suspend judgment in accordance with the provisions of Family Court Act § 755; (3) continue the proceeding and place the child in accordance with the provisions of Family Court Act § 756; or (4) put the child on probation in accordance with the provisions of Family Court Act § 757 (Matter of Naquan J., 284 AD2d 1, 4 [2001]). “The determination of an appropriate disposition is a matter that rests within the Family Court’s discretion” (Matter of Draielle P., 47 AD3d 937, 938 [2008]; see Matter of Nesrine E., 287 AD2d 565, 565 [2001]).
“[I]f [a PINS] fails to comply with the terms and conditions of the dispositional alternative imposed at the time of the PINS adjudication, article 7 provides the Family Court with specific remedies” (Matter of Naquan J., 284 AD2d at 4). As relevant here, if the child, without just cause, failed to comply with reasonable terms and conditions of an order of probation, “the court may revoke the order of probation and proceed to make any order that might have been made at the time the order of probation was entered” (Family Ct Act § 779). The determination of whether to revoke a prior dispositional order of probation and proceed to make a new dispositional order pursuant to Family Court Act § 779 is committed to the sound discretion of the Family Court, to be determined on the basis of the best interests of the child (see Family Ct Act § 754 [1]; Matter of Draielle P., 47 AD3d at 938; Matter of Nesrine E., 287 AD2d at 565).
Here, upon the appellant’s admission that she had repeatedly *742 violated a condition of her probation, the Family Court’s determination to revoke her probation constituted a provident exercise of discretion since, under the circumstances of this case, her needs and best interests were best served by placement in the custody of the Dutchess County Commissioner of Community and Family Services until April 16, 2014 (see Matter of Ronnie M., 94 AD3d 1121, 1122 [2012]; Matter of John R., 84 AD3d 1384, 1384 [2011]; Matter of Dominique R., 57 AD3d 550, 550 [2008]; Matter of Draielle P., 47 AD3d at 938).
Mastro, J.E, Chambers, Austin and Miller, JJ., concur.