■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WALKER, Appellant. [661 NYS2d 865] —Casey, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered December 7, 1995, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

After a prior conviction was reversed upon appeal (217 AD2d 856), defendant was retried and convicted of the crime of criminal sale of a controlled substance in the third degree. The charge arose out of an incident on September 2, 1993, when Steven James, an undercover officer with the State Police, went with a confidential informant to an apartment at Bliss Towers in the City of Hudson, Columbia County, and purchased $20 worth of cocaine from an individual referred to by the informant as "Fish". James subsequently identified this individual as defendant. Defendant's defense involved the issue of misidentification. On appeal, defendant argues that several errors made by County Court deprived him of his constitutional right to present a defense thereby warranting that the conviction be reversed. We do not agree and, accordingly, affirm.

Defendant first takes exception to County Court's question addressed to James requesting that he compare defendant's looks at trial with his appearance on the day of the drug sale. It is well settled that a trial court may question witnesses or otherwise intervene in the proceedings on its own initiative in order to elicit relevant or important facts, clarify an issue or to facilitate the orderly and expeditious progress of the trial (see, People v Yut Wai Tom, 53 NY2d 44, 56-57; People v Garrow, 151 AD2d 877, 879, lv denied 74 NY2d 948; People v Tucker, 140 AD2d 887, 891, lv denied 72 NY2d 913) provided that in doing so the court does not display to the jury an opinion as to the credibility of the witness's testimony or the merits of the case (see, People v Moulton, 43 NY2d 944, 945). In our view, County Court's single question to this witness merely attempted to clarify the issue of identification and to move the proceedings along and was not, in any event, so improper or interfering as to deprive defendant of a fair trial (see, People v Maderic, 142 AD2d 892, 893; cf., People v Yut Wai Tom, supra, at 56-57).

We also reject the contention that County Court erred in precluding defense counsel from eliciting information concerning why the confidential informant was working for the police. In our view, such information was neither probative of nor rel-

evant to any issues at trial. Finally, we find that County Court's refusal to permit defendant to call a witness was proper inasmuch as defendant failed to establish that the testimony of the potential witness was relevant to his defense, nor did he offer any foundation that this evidence was something more than speculation (*see, People v Houston*, 237 AD2d 205; *People v Santano*, 187 AD2d 618, 619, *lv denied* 81 NY2d 847).

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the judgment is affirmed.