■ In the Matter of RAJAN M., Appellant. [826 NYS2d 720]—

In a proceeding pursuant to Family Court Act article 7, the appeal is from an order of disposition of the Family Court,

Dutchess County (Amodeo, J.), dated January 6, 2006, which, upon a fact-finding order of the same court dated September 27, 2005, made after a hearing, and upon the admission of Rajan M. to truancy, adjudged him to be a person in need of supervision and directed that he be placed in the custody of the Dutchess County Commissioner of Social Services for a period of up to one year. The appeal brings up for review the fact-finding order dated September 27, 2005.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the proceeding is dismissed.

On June 3, 2005 a representative of the Poughkeepsie School District filed a petition in the Dutchess County Family Court alleging that the appellant was a person in need of supervision. On September 27, 2005 the appellant admitted to being truant from school on three occasions. Following a dispositional hearing on January 6, 2006 the Family Court adjudicated the appellant a person in need of supervision and placed him in the custody of the Dutchess County Commissioner of Social Services.

We agree with the appellant's contention that the petition was jurisdictionally defective because it failed to comply with Family Court Act § 735. In 2005, the New York State Legislature enacted sweeping and comprehensive changes to Family Court Act article 7 governing persons in need of supervision (PINS) proceedings (L 2005, ch 57, part E, § 1 *et seq.*). The new and amended provisions, namely sections 732 and 735, were designed to "divert cases involving non-criminal youthful behavior, afford services to troubled children and their families, and minimize the need for judicial involvement" (Sobie, 2005 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 735, 2006 Pocket Part, at 25). Section 732, as amended, now provides that a petition must allege that the "petitioner has complied with the provisions of section seven hundred thirty-five of this article" (Family Ct Act § 732 [d]). Section 735, as amended, requires counties to designate a lead agency, either the local social services district or the probation department, to offer "diversion services" to the youth and his or her family (Family Ct Act § 735 [a]). Unlike the former section 735, no time limit is set for diversion efforts (Family Ct Act § 735 [f]). The diversion services of section 735 include documented diligent attempts by the lead agency to engage the youth and his or her family in targeted community-based services (Family Ct Act § 735 [d]). In this regard, section 735 (d) (ii) requires the scheduling of at least one conference with the

youth and his or her family and the person or representatives of the entity seeking to file a petition under Family Court Act article 7. Where the entity seeking to file a petition is a school district, the designated lead agency shall review the school district's efforts to improve the youth's attendance and conduct and attempt to engage the school district in further diversion attempts (*see* Family Ct Act § 735 [d] [iii]). Finally, section 735 (g) (ii) (B) prohibits the clerk of the court from accepting a petition for filing unless attached thereto is a notice from the designated lead agency "stating that it has terminated diversion services because it has determined that there is no substantial likelihood that the youth and his or her family will benefit from further attempts, and that the case has not been successfully diverted" (*id.*).

Here, the petition was filed on June 3, 2005, two months after the effective date of the new legislation. It failed to allege compliance with section 735 and did not have attached thereto the statement required by section 735 (g) (ii) (B) regarding the termination of diversion services. These deficiencies constituted more than mere technical defects and rendered the petition jurisdictionally defective (*see generally Matter of Markim Q.*, 7 NY3d 405, 409 [2006]). Moreover, the petition failed to comply with the formal prerequisites of Family Court Act article 7 and effectively denied the appellant the prepetition and postfiling procedural and substantive rights afforded to youths and their families under the new statutory scheme mandating diversion services. Since the failure to comply with such substantive statutory requirements constitutes a non-waivable jurisdictional defect, the order of disposition must be reversed, the fact-finding order vacated, and the proceeding dismissed (*cf. Matter of Jamel E.*, 33 AD3d 797 [2006]; *Matter of Rebecca KK.*, 19 AD3d 763, 764 [2005]).

In light of this determination, the appellant's remaining contention regarding placement has been rendered academic. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.