RACHELLE MOULDEN, Appellant, v RONALD WHITE, as Regional Director of New York State Division of Parole, Defendant, and RICHARD I. LOW, as Area Supervisor of New York State Division of Parole, et al., Respondents. [846 NYS2d 836]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered March 2, 2006. The order denied plaintiff's motion to extend the time in which to serve the summons and complaint and granted the motion of defendants Richard I. Low, Area Supervisor, New York State Division of Parole, Paul Moritz, Senior Parole Officer, New York State Division of Parole, Richard Mata, Senior Parole Officer, New York State Division of Parole, Paul Saviola, Parole Officer, New York State Division of Parole, Richard Trzyna, Parole Officer, New York State Division of Parole, and Walter Root, Parole Officer, New York State Division of Parole, to dismiss the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking dam-

ages for violations of her constitutional rights and intentional infliction of emotional distress arising out of an incident in which four employees of the New York State Division of Parole (Division) executed an arrest warrant upon her husband, conducted a search of the residence of plaintiff and her husband, and seized a number of photographs therefrom. Plaintiff failed to serve the summons and complaint on any of the named defendants within the 120-day period after filing the summons and complaint with the Erie County Clerk on October 5, 2001, as required by CPLR 306-b. On February 5, 2002, one day after the 120-day period had expired, plaintiff served seven copies of the summons and complaint on the Division's offices in Buffalo. After more than three years, plaintiff moved for a default judgment against defendants-respondents (defendants) based on their failure to answer the complaint or otherwise to appear in the action, whereupon defendants moved to dismiss the complaint against them based on plaintiff's failure to comply with CPLR 306-b. Five months later, before Supreme Court had decided the respective motions of plaintiff and defendants, plaintiff moved to extend the time in which to serve the summons and complaint.

The court properly granted the motion of defendants and dismissed the complaint against them in view of plaintiff's extreme lack of diligence. Indeed, plaintiff's failure to move for a default judgment against defendants within one year of their alleged defaults by itself warranted dismissal of the complaint as abandoned (*see* CPLR 3215 [c]). In addition, the court properly determined that the multiple law office failures could not serve as a basis for granting plaintiff an extension of time in which to serve defendants "in the interest of justice" pursuant to CPLR 306-b (*cf. Slate v Schiavone Constr. Co.*, 4 NY3d 816 [2005]; *see generally Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]).

We reject plaintiff's further contention that defendant Ronald White, Regional Director of the Division, who appeared in the action, is united in interest with defendants (*see* CPLR 203 [b]). White was not present during the arrest of plaintiff's husband, and plaintiff alleged that he failed to provide defendants with proper supervision. "[W]here defendants can be held individually responsible or where they can raise individual defenses which will not necessarily affect a codefendant, then the defendants are not united in interest" (*Trane Co. v Robinson Constr.*, 61 AD2d 360, 364 [1978]). Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.