RACHELLE MOULDEN, Respondent, v RONALD WHITE, as Regional Director, New York State Division of Parole, Appellant, et al., Defendants. [856 NYS2d 329]—

Memorandum: Plaintiff commenced this action seeking damages for violations of her constitutional rights and intentional infliction of emotional distress arising from an incident in which employees of the New York State Division of Parole (Division) executed an arrest warrant upon her husband and seized photographs following a search of the residence of plaintiff and her husband. We previously affirmed an order that granted the motion of the defendants, with the exception of defendant-appellant herein (defendant), seeking dismissal of the complaint against them (*Moulden v White*, 45 AD3d 1495 [2007]). Defen-

dant appeals from an order denying his motion for summary judgment dismissing the complaint, but he contends for the first time on appeal that he is entitled to dismissal of the complaint because Supreme Court lacked subject matter jurisdiction (*see* CPLR 3211 [2]). "[A] court's lack of subject matter jurisdiction is not waivable, [however], but 'may be [raised] at any stage of the action' " (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997], quoting *Robinson v Oceanic Steam Nav. Co.*, 112 NY 315, 324 [1889]), and we agree with defendant that Supreme Court lacked subject matter jurisdiction.

Pursuant to Executive Law § 259-q (2), "[a]ny claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the [D]ivision shall be brought and maintained in the court of claims as a claim against the state." Defendant is correct that subdivisions (1) and (2) of Executive Law § 259-q and Correction Law § 24 are identically worded, and we conclude that the former statute has the same effect with respect to employees of the Division as the latter statute has with respect to employees of the Department of Correctional Services (DOCS). We thus conclude that, just as "Correction Law § 24 . . . creates an exclusive forum for plaintiffs seeking redress of claims [for conduct by DOCS employees] against the state—the Court of Claims" (*Haywood v Drown*, 9 NY3d 481, 490 [2007]), Executive Law § 259-q likewise creates an exclusive forum for plaintiffs seeking redress of claims for conduct by employees of the Division. In addition to the identical wording in the two statutes, we note that the Division was originally under the aegis of DOCS, and its employees were bound by Correction Law § 24. Executive Law § 259-q was implemented at the time that the Division was administratively transferred to the control of the Executive Department (*see* L 1977, ch 904, §§ 4-17), and the statute continues to bar actions brought in Supreme Court against employees of the Division. Furthermore, pursuant to the express language of Executive Law § 259-q (7), claims against employees of the Division that arose prior to the effective date of section 259-q were governed by Correction Law § 24. We thus conclude that, pursuant to Executive Law § 259-q, Supreme Court lacked subject matter jurisdiction, and we dismiss the complaint. Present—Smith, J.P., Centra, Peradotto and Green, JJ.