■ In the Matter of MERCEDES M.M., Appellant. ROME CITY SCHOOL DISTRICT, Respondent. [859 NYS2d 550]—

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered July 3, 2007 in a proceeding pursuant to Family Court Act article 7. The order adjudicated respondent to be a person in need of supervision and placed respondent in the custody of the Commissioner of Social Services of the County of Oneida.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the disposition and as modified the order is affirmed without costs, and the

matter is remitted to Family Court, Oneida County, for a new dispositional hearing.

Memorandum: In this proceeding pursuant to Family Court Act article 7, Family Court advised respondent at the fact-finding hearing of her right to remain silent, whereupon respondent admitted to truancy and engaging in incorrigible acts, as alleged in the petition. At the subsequent dispositional hearing on the petition, however, the court did not advise respondent of her right to remain silent and, following respondent's testimony, the court adjudicated respondent to be a person in need of supervision and placed her in the custody of the Commissioner of Social Services of the County of Oneida. We agree with respondent that the court thereby violated Family Court Act § 741 (a), pursuant to which the court was required to advise respondent of her right to remain silent "at the commencement of any hearing under" Family Court Act article 7. The court's failure to advise respondent of her right to remain silent "during the dispositional hearing constitutes reversible error" (*Matter of Tabitha E.*, 271 AD2d 719, 720 [2000]). We therefore modify the order accordingly, and we remit the matter to Family Court for a new dispositional hearing.

Contrary to respondent's further contention, the petition was not jurisdictionally defective. The petition and attached documents allege sufficient details concerning respondent's alleged truancy and incorrigible acts (*see* Family Ct Act § 732 [a]) and, although the petition does not expressly allege that petitioner had "complied with the provisions" of Family Court Act § 735 (§ 732 [d]), the documents attached to the petition establish petitioner's compliance therewith (*cf. Matter of Rajan M.*, 35 AD3d 863 [2006]).

In light of our determination, we do not reach respondent's remaining contentions. Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.