■ In the Matter of SAMANTHA K., a Person Alleged to be in Need of Supervision. BRADFORD CENTRAL SCHOOL, Respondent; SAMANTHA K., Appellant. [877 NYS2d 517]—

Garry, J. Appeal from an order of the Family Court of Schuyler

County (Argetsinger, J.), entered June 19, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

Family Court granted petitioner's application to adjudicate respondent a person in need of supervision because she was absent from school on 64 days and tardy on an additional 64 days in one school year. Respondent appeals.

Family Court properly denied respondent's motion to dismiss the petition on jurisdictional grounds. As required by Family Ct Act § 732, the petition alleged that respondent was habitually truant, under 18 years old, in need of supervision, and that petitioner had complied with the provisions of Family Ct Act § 735. The steps taken by petitioner to improve respondent's attendance were listed in documents attached to the petition (see Family Ct Act § 732 [a]; Matter of Mercedes M.M., 52 AD3d 1210, 1211 [2008]). Regarding compliance with the jurisdictional requirements of Family Ct Act § 735, documents attached to the petition indicated that diversion services were terminated because respondent had not cooperated and it was unlikely that she would participate in or benefit from such services, rendering diversion unsuccessful (see Family Ct Act § 735 [g] [ii] [B]). Although the designated agency's efforts only lasted one week after the required conference with respondent and her family, the agency reviewed the numerous steps taken by petitioner to improve respondent's attendance and it determined, in view of her failure to cooperate, that further diversion attempts would not be beneficial (see Family Ct Act § 735 [d] [iii]; [g] [i]). Viewed as a whole, the petition and attached documents were adequate to comply with Family Ct Act §§ 732 and 735 (see Matter of Sonya LL., 53 AD3d 727, 728 [2008]; compare Matter of Rajan M., 35 AD3d 863, 865 [2006]).

Family Court's admission of petitioner's records of respondent's school attendance did not violate respondent's rights under the Confrontation Clause (see US Const 6th Amend). The attendance record was properly admitted under the business records exception to the hearsay rule as the testimony established that the record was made in the regular course of the school's business in compliance with the Education Law for state aid and attendance purposes, that attendance information was regularly entered into the record, and that the entries were made contemporaneously by teachers (see CPLR 4518; compare Matter of Jodel KK., 189 AD2d 63, 64 [1993], lv denied 82 NY2d 652 [1993]). Although records falling within the business records exception are not automatically deemed nontestimonial

statements, the attendance record did not exhibit "various indicia of testimoniality" (*People v Rawlins*, 10 NY3d 136, 151 [2008]; *see People v Freycinet*, 11 NY3d 38, 41 [2008]). The record contained a contemporaneous record of objective facts, its contents were not directly accusatory, and petitioner is neither an arm of law enforcement nor influenced by a pro-law-enforcement bias (*see People v Freycinet*, 11 NY3d at 41). As the record was not testimonial, the Confrontation Clause is not implicated.

Family Court did not act improperly as an advocate for petitioner by asking several questions related to the foundation for admission of the attendance record. In this nonjury setting, the questions merely facilitated the orderly and expeditious progress of the hearing (*see People v Parrotte*, 34 AD3d 921, 921-922 [2006]; *People v Walker*, 242 AD2d 752, 752 [1997], *lv denied* 91 NY2d 837 [1997]).

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.