OPINION OF THE COURT
Timothy J. Lawless, J.
On April 22, 2009, Donna A. filed a petition naming her son Thomas C. as respondent and alleging that he was a person in need of supervision. On May 22, 2009, the respondent made factual admissions. Based upon those admissions, the court found that the respondent did not attend school in accordance with article 65 of the Education Law and scheduled a dispositional hearing. At the dispositional hearing held on June 24, 2009, upon the consent of all parties, the court found that the respondent was in need of supervision or treatment and the court placed the respondent on probation for a one-year period.
On January 28, 2010, the respondent’s probation officer filed a petition alleging that Thomas C. was in violation of the court’s order of disposition. Specifically, the probation officer alleged that the respondent failed to report as directed to probation on two occasions; that between the start of school in September of 2009 and January 20, 2010, the respondent had 57 unexcused absences; and that on November 18, 2009, the respondent received a disciplinary referral at school for disobedience and incorrigible behavior.
On February 1, 2010, the respondent by order to show cause moved for the following relief: (1) dismissal of the violation petition; and (2) vacating the court’s earlier order of disposition adjudicating the respondent a person in need of supervision. In support of his motion, the respondent filed his attorney’s affirmation. No party filed any responsive papers to this motion. The crux of the respondent’s motion is that the court lacked jurisdiction to entertain the original Family Court Act article 7 petition filed by the respondent’s mother in April of 2009. The respondent goes on to argue that because the court lacked the jurisdiction to entertain the original petition, it lacked the jurisdiction to enter the original order of disposition and lacks jurisdiction to entertain the current violation petition.
*567 Respondent argues that the court lacked jurisdiction to entertain the original article 7 petition because the petition did not satisfy the requirements of Family Court Act § 735. Specifically, the respondent contends that the original petition did not comply with the requirements of Family Court Act § 735 (g) (ii) (A), which reads in its entirety as follows:
“(ii) The clerk of the court shall accept a petition for filing only if it has attached thereto the following:
“(A) if the potential petitioner is the parent or other person legally responsible for the youth, a notice from the designated lead agency indicating there is no bar to the filing of the petition as the potential petitioner consented to and actively participated in diversion services.”
Specifically, the respondent claims that his mother’s original petition’s attached notice did not contain the required language and was not signed by the designated lead agency.
The respondent’s claim that the notice attached to the petition did not contain the language required by Family Court Act § 735 (g) (ii) (A) is correct. As quoted above, when the potential petitioner is a parent, as in this case, the notice from the designated lead agency must indicate that there is no bar to the filing of the petition as the potential petitioner consented to and actively participated in diversion services. The attached notice did not contain this language.
Nevertheless, even where the attached notice fails to comply with Family Court Act § 735 (g), the petition may still be prosecuted if, when viewed as a whole, the petition and its attachments comply with the substantive requirements of Family Court Act § 735 (see Matter of Samantha K., 61 AD3d 1322 [3d Dept 2009]; Matter of Sonya LL., 53 AD3d 727 [3d Dept 2008]; Matter of Terri W. v Nicholas O., 22 Misc 3d 1109[A], 2009 NY Slip Op 50071[U] [Fam Ct, Clinton County, Jan. 15, 2009]). In paragraph four of her petition, the respondent’s mother states:
“Thomas continuously refuses to go to school. He does not give any reasons. Thomas was placed on PINS diversion with poor results. Thomas can be very upset when any mention of school is initiated. Although several agencies as well as myself have attempt to assist and encourage Thomas he still refuses school.”
In the court’s opinion, when these allegations are considered, *568 the notice and the petition analyzed together comply with the substantive requirements of Family Court Act § 735 (g) (ii) (A) that there be an indication that there is no bar to the filing of the petition as the potential petitioner consented to and actively participated in diversion services.
With respect to the second issue raised by the respondent, it is undisputed that the attached notice was signed by a member of the Clinton County Probation Department. It is also undisputed that the designated lead agency for purposes of Family Court Act § 735, at the time that the petition was filed, was the Clinton County Department of Social Services. Thus, the petitioner, through no fault of her own, failed to attach a notice signed by the designated lead agency. The court states through no fault of her own because obviously a parent petitioner (and the court) should be able to justifiably rely upon the Commissioner of the Clinton County Department of Social Services and the Director of the Clinton County Department of Probation to ensure that a representative of the designated lead agency was in fact signing the required notice.
Thus, two questions remain. First, did the fact that the notice attached to the original petition was signed by a representative of the Probation Department, rather than a representative of the Department of Social Services (the designated lead agency), require that the court dismiss the original petition? Second, if yes, does the fact that the respondent failed to raise this issue in the context of the original petition waive his right to raise the issue now in the context of a violation petition?
The court notes that the statutory language of section 735 is very clear; it specifically uses the term “designated lead agency.” The Legislature did not grant the authority to sign the notice to any employee of the county or any employee of the Department of Probation or Department of Social Services. The Legislature expressly limited the authority to whichever agency the county selected to serve as the designated lead agency.* In the absence of a notice from the designated lead agency, the court cannot find that the substantive requirements of Family Court Act § 735 have been met. Thus, had the motion to dismiss the origi *569 nal petition been made prior to the issuance of an order of disposition, the court would have been required to grant the motion to dismiss.
Furthermore, respondent has not waived his right to raise this issue. The filing of a violation petition is not the commencing of a new proceeding, but a step in an already existing proceeding (see Matter of Markim Q., 7 NY3d 405 [2006] [holding similarly in the context of a juvenile delinquency petition]). Furthermore, the requirement that a notice from the designated lead agency be attached to the original petition is jurisdictional in nature (see Matter of Leslie H. v Carol M.D., 47 AD3d 716 [2d Dept 2008]; Matter of Rajan M., 35 AD3d 863, 864 [2d Dept 2006]). In light of the jurisdictional nature of this requirement, a delay by the respondent in raising this issue does not constitute waiver.
Accordingly, it is hereby adjudged, that the respondent’s motion to dismiss the pending violation petition dated January 27, 2010 is hereby granted; and it is further ordered, that the petition filed under docket No. S-XXXXX-XX/XXX alleging that the respondent violated this court’s order of disposition bearing docket No. S-XXXXX-XX is hereby dismissed; and it is further ordered, that the court’s order of disposition bearing docket No. S-XXXXX-XX dated July 2, 2009 is hereby vacated; and it is further ordered, that the original petition filed under docket No. S-XXXXX-XX alleging that the respondent is a person in need of supervision is hereby dismissed without prejudice.

 The court had reviewed the memorandum of understanding between the Clinton County Department of Probation and the Clinton County Department of Social Services which designates the Department of Social Services as the lead agency. Nowhere in that memorandum of understanding is there any language that could be fairly interpreted as a delegation of authority to sign notices (assuming one would be valid) by the Department of Social Services to the Department of Probation.