# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**125**

**CAF 11-01019**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF NICHOLAS R.Y.,
RESPONDENT-APPELLANT.

----------------------------------

JOANNE Y., PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

ARDETH L. HOUDE, ATTORNEY FOR THE CHILD, ROCHESTER, FOR
RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------------------

   Appeal from an order of the Family Court, Livingston County
(Dennis S. Cohen, J.), entered April 4, 2011 in a proceeding pursuant
to Family Court Act article 7. The order, among other things,
adjudged that respondent is a person in need of supervision.

   It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the petition is dismissed.

   Memorandum: Respondent appeals from an order adjudicating him a
person in need of supervision and placing him on probation for one
year. We agree with respondent that Family Court erred in denying his
motion to dismiss the petition. In a report attached to the petition,
representatives of the Livingston County Probation Department (LCPD),
the lead agency pursuant to Family Court Act § 735 (a), merely stated
in a conclusory fashion that the LCPD provided the requisite diversion
services to respondent and his family prior to the filing of the
petition. Thus, the petition failed to demonstrate that the LCPD had
"exert[ed] what the statute refers to as documented diligent attempts
to avoid the necessity of filing a petition" (*Matter of James L.*
[appeal No. 2], 74 AD3d 1775, 1775 [internal quotation marks omitted];
*see* § 735 [b], [d]; *Matter of Leslie H. v Carol M.D.*, 47 AD3d 716).
" '[T]he failure to comply with such substantive statutory
requirements constitutes a nonwaivable jurisdictional defect'
requiring dismissal of the petition" (*James L.*, 74 AD3d at 1776).

Entered: January 31, 2012

Frances E. Cafarell
Clerk of the Court