**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**445**

**CAF 11-01173**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF HALEY M.T.,
RESPONDENT-APPELLANT.

---------------------------------      MEMORANDUM AND ORDER

PENN YAN CENTRAL SCHOOL DISTRICT,
PETITIONER-RESPONDENT.

---

SUSAN B. MARRIS, ATTORNEY FOR THE CHILD, MANLIUS, FOR
RESPONDENT-APPELLANT.

DIANNE S. LOVEJOY, PENN YAN, FOR PETITIONER-RESPONDENT.

---

    Appeal from an order of the Family Court, Yates County (W. Patrick Falvey, J.), entered March 15, 2011 in a proceeding pursuant to Family Court Act article 7.  The order, among other things, adjudged that respondent is a person in need of supervision.

    It is hereby ORDERED that said appeal from the order insofar as it concerned placement is unanimously dismissed and the order is otherwise affirmed without costs.

    Memorandum:  On appeal from an order adjudicating her a person in need of supervision (PINS) and placing her in the custody of the Commissioner of Social Services for a period of one year, respondent contends that Family Court failed to advise her of her right to remain silent at the dispositional hearing (*see* Family Ct Act § 741 [a]), that the order of fact-finding and disposition fails to comply with section 754 (2), and that placement is not an appropriate disposition. Those contentions are moot because the placement order expired on March 7, 2012 (*see Matter of Todd B.*, 4 AD3d 650; *Matter of Shannon R.*, 278 AD2d 939), "and this matter does not fall within the exception[] to the mootness doctrine" (*Shannon R.*, 278 AD2d 939). Despite the expiration of respondent's placement, however, her challenge to the underlying PINS adjudication is not moot (*see Matter of Sonya LL.*, 53 AD3d 727, 728).

    Respondent further contends that the order should be reversed and the petition dismissed because the court failed to comply with Family Court Act § 742 (b), which "require[s] the Court to review the pre-petition services" at the initial appearance (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, at 107; *see also* § 735).  That contention is raised for the first time on appeal, and thus respondent failed to preserve it for our review (*see generally Matter of Alexander C.*, 83 AD3d 1058, 1059; *Matter of Vanessa S.*, 20 AD3d 924).  In any event, respondent's contention lacks merit.  The petition and documents attached thereto establish that petitioner

complied with the substantive statutory requirements of Family Court Act §§ 732 and 735 (*see Matter of Mercedes M.M.*, 52 AD3d 1210, 1211; *cf. Matter of Nicholas R.Y.*, 91 AD3d 1321, 1322; *Matter of James L.* [appeal No. 2], 74 AD3d 1775, 1775-1776; *Matter of Rajan M.*, 35 AD3d 863, 864-865), and the court's comments at the initial appearance demonstrate that the court had reviewed petitioner's efforts to divert this case pursuant to section 735. Contrary to respondent's further contention, she received meaningful representation (*see Matter of Elijah D.*, 74 AD3d 1846, 1847; *Matter of Grabiel V.*, 59 AD3d 1132, 1133, *lv denied* 12 NY3d 711).

Respondent failed to take an appeal from the order settling the record, and her contentions with respect to that order therefore are not properly before us (*see Oubre v Carpenter*, 241 AD2d 964, 965).

Entered: June 15, 2012                    Frances E. Cafarell
                                          Clerk of the Court