# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1057**
**CAF 12-00319**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF SYSAMOUTH D.,
RESPONDENT-APPELLANT.
------------------------------
ONEIDA COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

WILLIAM L. KOSLOSKY, ATTORNEY FOR THE CHILD, UTICA, FOR
RESPONDENT-APPELLANT.

GREGORY J. AMOROSO, COUNTY ATTORNEY, UTICA (RAYMOND F. BARA OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered October 27, 2011 in a proceeding pursuant to Family Court Act article 3. The order, inter alia, placed respondent with the Office of Children and Family Services through April 26, 2012.

It is hereby ORDERED that said appeal from the order insofar as it concerned placement is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Respondent appeals from an order of disposition that, inter alia, placed him in the custody of the Office of Children and Family Services through April 26, 2012. According to respondent, Family Court deprived him of his equal protection and due process rights as well as his rights pursuant to Family Court Act §§ 352.2 and 353.3 in determining placement, and the court assumed a prosecutorial role with respect thereto. We dismiss as moot respondent's appeal from the order insofar as it concerned placement inasmuch as the period of placement has expired (*see Matter of Haley M.T.*, 96 AD3d 1549, 1549; *Matter of Julia R.*, 52 AD3d 1310, 1311, *lv denied* 11 NY3d 709). Respondent's contentions with respect to placement do not fall within the exception to the mootness doctrine (*see Matter of Kale F.*, 269 AD2d 832; *see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). Respondent's contention that his admission was insufficient because the court did not follow certain requirements set forth in Family Court Act § 321.3 is not moot "because there may be collateral consequences resulting from the adjudication of delinquency" (*Matter of Stanley F.*, 76 AD3d 1069, 1069). We conclude, however, that it lacks merit (*see Matter of William VV.*, 42 AD3d 710,

711-712).