# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**982**

**CAF 12-00431**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF JOSEPH C.E.,
RESPONDENT-APPELLANT.                                      MEMORANDUM AND ORDER

--------------------------------------

THOMAS ROOTE, PETITIONER-RESPONDENT.

---

JOHN M. LOCKHART, ATTORNEY FOR THE CHILD, GENESEO, FOR
RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Livingston County
(Dennis S. Cohen, J.), entered September 23, 2011 in a proceeding
pursuant to Family Court Act article 7.  The order, among other
things, adjudged that respondent is a person in need of supervision.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the petition is dismissed.

Memorandum:  Respondent appeals from an order adjudicating him a
person in need of supervision and placing him on probation for a
period of one year.  At the outset, we note that, "[a]lthough the
dispositional portion of the . . . order . . . has expired by its own
terms, a review of [respondent's] adjudication as a person in need of
supervision is not academic because of the possibility of collateral
legal consequences resulting from the adjudication" (*Matter of Leslie
H. v Carol M.D.*, 47 AD3d 716, 717; *see* Family Ct Act § 783).

Turning to the merits, we agree with respondent that Family Court
erred in denying his motion to dismiss the petition.  In a report
attached to the petition, a representative of the Livingston County
Probation Department (LCPD), the lead agency pursuant to Family Court
Act § 735 (a), stated in a conclusory manner that diversion services
for respondent and his family were provided prior to the filing of the
petition.  "Thus, the petition failed to demonstrate that the LCPD had
'exert[ed] what the statute refers to as documented diligent attempts
to avoid the necessity of filing a petition' " (*Matter of Nicholas
R.Y. [Joanne Y.]*, 91 AD3d 1321, 1322; *see* § 735 [b], [d]).  "[T]he
failure to comply with such substantive statutory requirements
constitutes a nonwaivable jurisdictional defect requiring dismissal of
the petition" (*Nicholas R.Y.*, 91 AD3d at 1322 [internal quotation
marks omitted]).

Entered:  October 5, 2012                          Frances E. Cafarell
                                                   Clerk of the Court