■ In the Matter of SAGE G., Alleged to be a Person in Need of Supervision, Appellant. [994 NYS2d 415]—

In a proceeding pursuant to Family Court Act article 7, Sage G. appeals from an order of the Family Court, Westchester County (Malone, J.), entered August 23, 2013, which, after a hearing, vacated the disposition contained in a prior order of fact-finding and disposition of the same court (Greenwald, J.) entered March 22, 2013, adjudicating him to be a person in need of supervision and suspending judgment for 12 months, upon his admission that he had violated the terms and conditions thereof, and placed him in the custody of the Commissioner of the Westchester County Department of Social Services.

Ordered that the order entered August 23, 2013, is reversed, on the law, without costs or disbursements, the order of fact-finding and disposition entered March 22, 2013, is vacated, and the proceeding is dismissed.

The appellant contends that the petition to adjudicate him a person in need of supervision (hereinafter PINS) failed to include a notice mandated by Family Court Act § 735 (g) (ii) (B). The appellant did not appeal from an order of fact-finding and disposition entered March 22, 2013, adjudicating him to be a

PINS, and, in fact, he raises this issue for the first time on appeal from this subsequent order. Nevertheless, in light of the fact that noncompliance with Family Court Act § 735 (g) (ii) (B) constitutes a nonwaivable jurisdictional defect (*see Matter of Rajan M.*, 35 AD3d 863, 864-865 [2006]), we consider the appellant's contention on the merits even at this stage of the PINS proceeding (*see Matter of Ramon H.-T.*, 87 AD3d 1141, 1142 [2011]; *see also Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305, 312 [2010]; *Moulden v White*, 49 AD3d 1250, 1250-1251 [2008]). Upon reviewing the record, we agree that the required notice was not provided, necessitating reversal of the order appealed from, vacatur of the order of fact-finding and disposition, and dismissal of the proceeding (*see Matter of Leslie H. v Carol M.D.*, 47 AD3d 716, 717 [2008]; *Matter of Rajan M.*, 35 AD3d at 865).

In light of our determination, we need not reach the appellant's remaining contentions. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.