Matter of Jazmyne VV. (2023 NY Slip Op 03275)

Matter of Jazmyne VV.

2023 NY Slip Op 03275

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

535758
[*1]In the Matter of Jazmyne VV., Alleged to be a Person in Need of Supervision. Juliann Quinn, as Principal of Randall Middle School, Respondent; Jazmyne VV., Appellant.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Citizens Concerned for Children, Inc., Ithaca (Thomas G. Shannan of counsel), for appellant.
Victoria J. Monty, County Attorney, Cortland (Jeri A. DuVall of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Family Court of Cortland County (Julie A. Campbell, J.), entered June 17, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.
In October 2021, respondent (born in 2009) was the subject of a person in need of supervision (hereinafter PINS) referral by her mother due to issues at school and violent behavior at home, resulting in respondent receiving PINS diversion services overseen by the Cortland County Probation Department as lead agency. Respondent was provided several types of diversion services over the ensuing four months, but diversion was eventually terminated on the ground that her behavior had not improved. In February 2022, petitioner, respondent's school principal, filed a PINS petition alleging that respondent, then a sixth-grade student, was habitually truant, disobedient and beyond the control of a parent or other lawful authority. In April 2022, respondent waived her right to a fact-finding hearing and admitted on the record that she had been absent from school without an excuse approximately 30 to 40 times that year. Based upon that admission, Family Court adjudicated respondent a PINS and ultimately entered a suspended judgment with conditions on consent. Respondent appeals, claiming that the PINS petition was jurisdictionally defective in a number of respects. We disagree.
Respondent initially contends that she was entitled to, and should have received, a manifestation determination hearing to establish whether the behavior underlying the PINS petition was the result of any disability on her part (see 9 NYCRR 357.1 [l]). Although respondent did not request this hearing, she argues that the failure to hold the hearing constituted a nonwaivable jurisdictional defect. In advancing such an argument, respondent relies upon 9 NYCRR 357.9 (d), which indicates that, "[w]here the matter involves truancy and/or ungovernable behavior at school and the youth is a special education student, probation shall not refer the matter for [a PINS] petition unless a [m]anifestation [d]etermination hearing has been held by the Committee on Special Education . . . and the school has provided such documentation to the probation department and the court that the student's behaviors are not related to the student's disability, thereby warranting court action" (emphasis added).
The record, however, fails to demonstrate that respondent was a "special education student" prior to the filing of the petition. While it is true that an individualized accommodation plan, also known as a 504 plan, was created for respondent, this was not done until after the petition was filed. Moreover, the existence of a 504 plan alone does not necessarily mean that respondent was a special education student, given that a 504 plan may provide accommodations for "children who need regular (not just special) education" (Doe v Knox County Bd. of Educ[*2]., 56 F4th 1076, 1083 [6th Cir 2023] [internal quotation marks omitted]; see 34 CFR § 104.33 [b] [1]; Perry A. Zirkel, A Comprehensive Comparison of the IDEA and Section 504/ADA, 282 Ed Law Rep 767 [2012]). To that end, we note that the subject 504 plan is not contained in the record and, to the extent that respondent is claiming that the 504 plan merely formalized services that she was already receiving, the particular nature of those services is only vaguely referenced in the record, and not to a degree that lends itself to a finding that such services were provided because respondent had been identified as a special education student. In any event, even assuming arguendo that a manifestation determination hearing had been warranted, we are unpersuaded that the failure to hold one rendered the PINS petition jurisdictionally defective. The jurisdictional requirements for the filing of a PINS petition are set forth in the Family Ct Act (see Family Ct Act §§ 732, 735 [g] [ii] [A]-[C]; compare Matter of James L., 74 AD3d 1775, 1775-1776 [4th Dept 2010]; Matter of Samantha K., 61 AD3d 1322, 1323 [3d Dept 2009]), and the holding of such a hearing is not among them.
Respondent next asserts that the Probation Department failed to provide its case record to Family Court, thereby giving rise to a nonwaivable jurisdictional defect. In a PINS matter, the designated lead agency must maintain a written record of the diversionary services provided to the child, and this record "shall be made available to the court at or prior to the initial appearance" (Family Ct Act § 735 [e]). Here, while there was some discussion at the initial court appearance as to whether the attorney for the child was entitled to review the Probation Department's record and Family Court seemingly indicated that it had not actually reviewed the record, the transcript of the appearance does not reveal whether that record had been "made available to the court" on or prior to that date, which is all that is required by the pertinent statute (Family Ct Act § 735 [e]). Further, we acknowledge that compliance with this obligation is not included among the statutory jurisdictional prerequisites (see Family Ct Act §§ 732, 735 [g] [ii] [A]-[C]).
We also find unavailing respondent's claim that the petition was jurisdictionally defective for failing to plead diligent efforts to provide diversion services and the grounds for concluding that judicial intervention was necessary. The petition adequately recited the diversion efforts undertaken and services provided, not merely in conclusory fashion but with specific reference to six different types of services and seven individual service providers who supported respondent over the four-month period of diversion (see Matter of Sonya LL., 53 AD3d 727, 728 [3d Dept 2008]; compare Matter of Nicholas R.Y. [Joanne Y.], 91 AD3d 1321, 1322 [4th Dept 2012]). Despite these efforts, according to the petition, there was ongoing police intervention, hospital mental [*3]health evaluations and violence at respondent's home. Contrary to respondent's related argument, the documentation attached to the petition satisfied the requirements that the petition include the steps taken by the school district to improve respondent's attendance and conduct (see Family Ct Act § 732 [a] [i]) and "the grounds for concluding that the education-related allegations could not be resolved absent the filing of a [PINS] petition" (Family Ct Act § 735 [g] [ii] [C]). That is, as set forth in the documentation, respondent received school counseling, social worker support and other accommodations such as allowing her to stay in the main office, and staff made repeated efforts to work with her through her inappropriate, disruptive and threatening behaviors, which nevertheless escalated. Respondent's remaining contentions have been considered and found to be without merit.
Garry, P.J., Egan Jr., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.