Matter of Gina P. (Shannon O.) (2025 NY Slip Op 05726)

Matter of Gina P. (Shannon O.)

2025 NY Slip Op 05726

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

CV-23-1552

[*1]In the Matter of Gina P. and Another, Alleged to be Permanently Neglected Children. Delaware County Department of Social Services, Respondent; Shannon O., Appellant.

Calendar Date:September 11, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Pamela B. Bleiwas, Ithaca, for appellant.

Amy B. Merklen, County Attorney, Delhi (Molly Magnis of counsel), for respondent.

Marcia Heller, Rock Hill, attorney for the children.

Clark, J.P.

Appeal from an order of the Family Court of Delaware County (Gary Rosa, J.), entered July 27, 2023, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.

Respondent (hereinafter the father) is the father of the subject children (born in 2011 and 2017), who were placed in petitioner's care in February 2018 and October 2017, respectively. In August 2021, petitioner filed the instant permanent neglect petition seeking to terminate the father's parental rights.[FN1] A joint fact-finding and dispositional hearing commenced in November 2022 and evidence was presented over the course of three hearing dates. The father was the only witness petitioner called to testify at the hearing, otherwise relying on documentation from the underlying case file to prove its case. Following the combined hearing, Family Court adjudicated the children to be permanently neglected and terminated the father's parental rights. The father appeals.[FN2]

We affirm. A permanently neglected child is one "who is in the care of an authorized agency and whose parent or custodian has failed for a period of either at least one year or [15] out of the most recent [22] months following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; see Matter of Konner N. [Justin O.], 235 AD3d 1112, 1113 [3d Dept 2025]; Matter of Carmela D. [Shameeka G.], 232 AD3d 1126, 1127 [3d Dept 2024], lvs denied 43 NY3d 903 [2025], 43 NY3d 903 [2025]). "Thus, in a permanent neglect proceeding, the petitioner bears the burden of proving by clear and convincing evidence, first, that it made such diligent efforts, and, second, that the respondent failed to plan for the child's future" (Matter of Carmela D. [Shameeka G.], 232 AD3d at 1127-1128; see Matter of Nevaeh N. [Heidi O.], 220 AD3d 1070, 1070-1071 [3d Dept 2023], lv denied 41 NY3d 903 [2024]).

"To make the threshold showing of diligent efforts, the petitioning agency must establish, by clear and convincing evidence, that it made practical and reasonable efforts to ameliorate the problems preventing reunification and strengthen the family relationship by such means as assisting the parent with visitation, providing information on the child's progress and development, and offering counseling and other appropriate educational and therapeutic programs and services" (Matter of Gabriel J. [Christina I.], 232 AD3d 1093, 1094 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 43 NY3d 901 [2025]; see Matter of Zaiden P. [Ashley Q.], 211 AD3d 1348, 1351-1352 [3d Dept 2022], lvs denied 39 NY3d 911 [[*2]2023], 39 NY3d 911 [2023]). Diligent efforts entail "developing a plan that is realistic and tailored to fit the respondent's individual situation" (Matter of Carmela D. [Shameeka G.], 232 AD3d at 1128 [internal quotation marks, brackets and citations omitted]).

In challenging the permanent neglect finding, the father argues that petitioner failed to establish diligent efforts by clear and convincing evidence as it did not call any caseworkers or service providers to testify at the hearing. We disagree. In addition to calling the father as a witness at the fact-finding hearing, who acknowledged that he received a "bunch of services," petitioner also produced the underlying case file and service records confirming as much. Moreover, in rendering its decision, Family Court took judicial notice of its prior orders from the underlying proceedings (see Matter of Jase M. [Holly N.], 190 AD3d 1238, 1242 [3d Dept 2021], lvs denied 37 NY3d 901 [2021], 37 NY3d 901 [2021]), which included the permanency hearing orders. Cumulatively, this evidence demonstrated that the circumstances preventing the father's reunification with the children included, among other things, his failure to keep them away from the mother, who has serious substance abuse issues, and his refusal to admit the circumstances underlying his conviction for a sex offense and the need for mental health counseling. There were also concerns about inadequate housing and possible drug use on the father's part. The father's testimony, in conjunction with the exhibits and permanency hearing reports, establish that petitioner provided him with a plethora of services specifically tailored to ameliorate these concerns, including referrals for sex offender treatment, mental health counseling, domestic violence counseling and parenting classes. Petitioner also facilitated visitation with the children, offered assistance to find appropriate housing, made referrals for a drug and alcohol evaluation, and provided caseworker counseling to the father, during which he was repeatedly warned that continued involvement with the children's mother would impede the children's return to his care. On this record, we conclude that petitioner proved by clear and convincing evidence that it made diligent efforts to ameliorate the problems preventing reunification (see Matter of Harmony F. [William F.], 212 AD3d 1028, 1031 [3d Dept 2023]; Matter of Walter DD. [Walter TT.], 152 AD3d 896, 897-898 [3d Dept 2017], lv denied 30 NY3d 905 [2017]).[FN3]

Contrary to the father's contention, petitioner's reliance on documentary evidence to establish diligent efforts, without corresponding testimony from a caseworker, did not violate his Sixth Amendment right of confrontation (see Matter of Ramon F. [Wilson F.], 173 AD3d 1775, 1776 [4th Dept 2019], lv denied 34 NY3d 904 [2019]; Matter of Samantha K., 61 AD3d 1322, 1323-1324 [3d Dept 2009]; see also Matter of Guillermo v Agramonte, 137 AD3d 1767, 1768 [4th Dept 2016]). This procedure also [*3]did not violate the father's due process rights — notwithstanding the voluminous nature of the documentary evidence submitted by petitioner (see generally Matter of Leon RR, 48 NY2d 117, 123 [1979]) — since he had the chance to review the records prior to the fact-finding hearing, was represented by counsel, and had the opportunity, but failed, to call his own witnesses and to put on his own proof. We also note that, with the exception of two hearing exhibits, the father did not object to the majority of the documentary evidence presented in this case. On this record, there is no basis to disturb the diligent efforts finding.

The father additionally argues that Family Court abused its discretion in failing to hold a dispositional hearing before terminating his parental rights. Under Family Ct Act § 625 (a), "if all parties consent[,] the court may . . . dispense with [a] dispositional hearing and make an order of disposition on the basis of competent evidence admitted at the fact-finding hearing." During the initial November 2022 hearing date, the father, represented by counsel, expressly consented to a joint fact-finding and dispositional hearing. Following the close of proof on the final hearing date in June 2023, the father's new counsel articulated that he was "going to revoke" the consent given by his predecessors, yet subsequently requested only the "opportunity to make an [argument] for disposition as far as a written submission." Family Court gave the parties 30 days to submit written arguments and, notably, the father did not revoke his consent to the combined hearing or request a separate dispositional hearing in his papers. In these circumstances, Family Court did not err in holding a combined hearing (see Matter of Maurice Jamel G., 267 AD2d 173, 174 [1st Dept 1999]; compare Matter of Konner N. [Justin O.], 235 AD3d at 1116; Matter of Harmony F. [William F.], 212 AD3d at 1032-1033). To the extent not expressly addressed, we have considered the father's remaining contentions and find them to be without merit.

Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ., concur.

ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioner initially filed a petition in November 2019 seeking to terminate both the father's and the mother's parental rights. The portion of the petition brought against the father was subsequently dismissed due to the filing of the amended petition in August 2021. Following a fact-finding hearing regarding the petition brought against the mother, Family Court found that she had abandoned the children and terminated her parental rights.

Footnote 2: The attorney for the children argues that Family Court properly adjudged the children to be permanently neglected and properly terminated the father's parental rights. However, she reveals that the children would like to have supervised visitation with the father and asks this Court to provide relief that it finds "proper." Insofar as the father's parental rights have been terminated pursuant to a proceeding under Social Services Law § 384-b, and there is no basis to disturb that disposition on appeal, we lack authority to order supervised visitation (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 438 [2012]; Matter of Allyana J. [Sophia Y.], 232 AD3d 896, 898 [2d Dept 2024]).

Footnote 3: The father does not challenge Family Court's findings that he failed to plan for the children's future during the requisite time frame despite these diligent efforts and that it was in their best interests to terminate his parental rights. In any event, the record demonstrates that the father did not fully engage in services, continued to deny his role in the circumstances precipitating the children's removal, and had a general lack of insight into the steps necessary for the children to safely return to his care.